**Donnie R. CHAPPELL and S. Eugene Schrock, Appellees,**

v.

**Noble J. ROUCH, Appellant,**

and

**Mid-Continent Casualty Company, Appellee-Intervener.**

Nos. 299-70, 300-70.

United States Court of Appeals, Tenth Circuit.

Sept. 9, 1971.

Rehearing and Rehearing En Banc Denied Oct. 12, 1971.

Thomas C. Kelley, Great Bend, Kan. (Lee Turner, Turner & Balloun, Topeka, Kan., on the brief), for appellees.

Norman I. Cooley, Wichita, Kan. (Alvin D. Herrington, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., on the brief), for appellant.

James B. Zongker, Wichita, Kan., for appellee-intervener Mid-Continent Casualty Co.

Before HILL, JONES,* and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Noble J. Rouch, the defendant in two separately filed but related personal injury actions brought in the United States District Court for the State of Kansas, seeks immediate appeal pursuant to 28 U.S.C. § 1292(b) of an order of the trial court denying his motion for summary judgment filed in each of the two proceedings. The motions for summary judgment were in each instance based on the Kansas two year statute of limitations, K.S.A. 60-501 and 60-513 (4) and the central issue is whether a Kansas civil procedure statute, K.S.A. 60-203, or Fed.R.Civ.P. 3 fixes and determines the time when the instant actions were commenced. If the Kansas civil procedure statute controls, the actions were not commenced within two years after the causes of action accrued and are barred by the statute. If the federal rule governs, however, the actions were commenced within the two year period and are not barred by the statute.

By way of factual background, Donnie R. Chappell and S. Eugene Schrock, each a citizen of Kansas, filed on February 13, 1969, in the United States District Court for the State of Kansas separate actions against Rouch, a citizen of Indiana, for personal injuries arising out of an automobile collision occurring in Kansas on May 6, 1967. According to a return of service, the United States Marshal certified that on March 22, 1969, he served process "by attaching a copy of the summons and complaint to the door of the residence of the within named Noble J.

* Of the Fifth Circuit, sitting by designation.

Rouch * * * at R.R.3, Bremen, Indiana."

On April 21, 1969, the defendant filed an answer in each of the two cases in which he raised the defense that the court lacked jurisdiction over his person for the reason that the purported service of March 22, 1969, referred to above, was insufficient and improper. Subsequently, alias process issued and the defendant was thereafter personally served on May 25, 1969, in Bremen, Indiana.

The defendant thereupon filed amended answers which raised the defense that both actions were barred by the Kansas two year statute of limitations. It was on this state of the pleadings that the defendant filed his motions for summary judgment based on the running of the two year statute of limitations.

Before detailing the several orders entered by the trial court, reference to certain state statutes and federal rules will place the controversy in focus.

K.S.A. 60–501 provides as follows:

"*Scope:* The provisions of this article govern the limitation of time for commencing civil actions, except where a different limitation is specifically provided by statute."

K.S.A. 60–513(4) declares that:

"*Actions limited to two years.* The following actions shall be brought within two (2) years:

* * * * * *

"(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated."

K.S.A. 60–203 defines "commencement of action" as follows:

"60–203. *Commencement of action.* A civil action is commenced by filing a petition with the clerk of the court, provided service of process is obtained * * * within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process * * *."

Fed.R.Civ.P. 3, concerning the "commencement" of an action, reads as follows:

"A civil action is commenced by filing a complaint with the court."

It was in this general setting that the trial court first held that the attempted service of process on March 22, 1969, was insufficient and improper in that such did not comply with either Fed.R.Civ.P. 4(d) (1) or K.S.A. 60–304 (a). Such determination meant that under the provisions of K.S.A. 60–203 the actions were not commenced till May 25, 1969, and accordingly were not brought within two years from the time the causes of action accrued, namely, May 6, 1967. The trial court then went on to hold, however, that Fed.R.Civ.P. 3, and not K.S.A. 60–203, determined the time when the two actions were commenced. Under federal rule 3, then, the two actions having been filed on February 13, 1969, each was accordingly commenced within two years from the time the causes of action accrued, which as above indicated is conceded to be the date of the collision, namely, May 6, 1967. It was on this basis that the trial court denied the defendant's motions for summary judgment and it is this order which the defendant now appeals.

We agree that Fed.R.Civ.P. 3 governs, though our reasoning is somewhat different than that of the trial court. However, disposition of the case on the grounds that Fed.R.Civ.P. 3 controls, obviates any necessity for passing on two related matters presented to us by counsel: (1) the sufficiency or insufficiency of the attempted service of March 22, 1969; and (2) the effect, if any, of an order entered on February 19, 1970, by the trial court permitting and authorizing the March 22, 1969, service on the defendant wherein a copy of the summons and complaint had been left at his home in Indiana. *See* K.S.A. 60–304(a) which empowers a judge to enter an order permitting such service upon a showing that service as otherwise prescribed by statute cannot be made with due diligence.

In holding that federal rule 3 determines the time the two causes of action were commenced, the trial judge declared that though the instant case was "factually similar" to Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, nevertheless in his judgment Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 "modified" Ragan to the end that the federal rule, rather than the state statute, controls and fixes the time the two actions were commenced. In this holding the trial judge indicated that he was "persuaded" by Sylvestri v. Warner and Swasey Co., 398 F.2d 598 (2d Cir.) and the analysis contained therein of the effect of Hanna on Ragan. In our view of the matter, however, Ragan is distinguishable on its facts from the instant controversy and though we agree that Hanna governs, we need not here come to grips with the intriguing question as to whether Hanna overrules Ragan, a matter on which there is considerable difference of judicial thought. See, for example, Sylvestri v. Warner and Swasey Co., supra; Groninger v. Davison, 364 F.2d 638 (8th Cir.); and Sylvester v. Messler, 351 F.2d 472 (6th Cir.), cert. denied, 382 U.S. 1011, 86 S.Ct. 619, 15 L.Ed.2d 526.

Ragan has its roots in this circuit. Merchants Transfer & Warehouse Co. v. Ragan, 10 Cir., 170 F.2d 987. Before referring to the pronouncements of the United States Supreme Court in Ragan, some reference should first be made to our opinion in that case. In Ragan we held, in essence, that a statute defining how and when an action is deemed commenced was under the circumstances so inextricably intertwined with the two year statute of limitations that it became an integral part thereof to the end that it took precedence over the federal rule regarding commencement of actions. In this particular connection we note—and emphasize—that the Kansas statutes under consideration in Ragan are not the statutes with which we are here concerned. In 1963 the Kansas legislature repealed the statutes under consideration in Ragan and enacted a comprehensive revision of the code of civil procedure. In our view the statutes with which we are here concerned are sufficiently dissimilar both in language and context from the statutes relied upon in Ragan to the end that it cannot be said that K.S.A. 60–203 is an integral part of the present Kansas statute of limitations, namely, K.S.A. 60–501 and 513. Such being the situation, then, Ragan is inapplicable to the present controversy. In order to fully develop this distinction, let us first examine the statutes under consideration in Ragan.

Chapter 60, Gen.Statutes of Kansas, 1935, is entitled "Procedure, Civil" and Article 3 thereof is labeled "Commencement and Limitation of Actions." 60–301, Gen.Statutes of Kansas, 1935, a part of Article 3, declared that a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon. 60–306, Gen.Statutes of Kansas, 1935, also in Article 3, stated that a personal injury action could only be brought within two years after the cause of action shall have occurred. 60–308, Gen.Statutes of Kansas, 1935, again in Article 3, reads as follows:

"*When action deemed commenced.* An action shall be deemed commenced, *within the meaning of this article*, as to each defendant, at the date of the summons which is served on him * * *." (Emphasis added.)

The salient facts of Ragan are: (1) the automobile accident upon which the action was predicated occurred October 1, 1943; (2) an action was filed in the United States District Court for the State of Kansas on September 7, 1945; and (3) effective service on the defendant was not made till December 28, 1945. It was in this setting that this court in Ragan initially observed that inasmuch as the complaint was filed on September 7, 1945, and summons caused to be issued on that same date, the automobile collision on which the action was predicated having occurred on October 1, 1943,

the action was timely commenced in compliance with the procedural steps of both state and federal law concerning the commencement of an action. However, the court went on to conclude that such compliance with the procedural steps for commencement of an action was not sufficient to toll the statute of limitations. In thus concluding the court stated that under Kansas law the aforesaid 60–308 had application only to the statute of limitations and concerning the meaning of 60–308 commented as follows:

> "The meaning of Section 60–308 is as though it read substantially as follows:
>
> " 'An action for the purpose of tolling the statute of limitations shall be deemed commenced as to each defendant as of the date on which the summons is served on him * * *.' "

In other words, 60–308, Gen.Statutes of Kansas, 1935, prescribed a definite procedure for tolling the statute of limitations and in this connection we noted that the law of Kansas as to the steps necessary to toll the running of the statute of limitations was materially different from the majority of states. Accordingly, we distinguished the Kansas statute under consideration from the New Mexico statute of limitations involved in Isaacks v. Jeffers, 144 F.2d 26 (10th Cir.). Thus, we held in *Ragan* that 60–308, Gen.Statutes of Kansas, 1935, applied only to 60–306, Gen.Statutes of Kansas, 1935, and that the two statutes not only had to be read together but 60–308 was an integral part of 60–306.

On review by the United States Supreme Court of our decision in *Ragan* it was argued that the 60–308, Gen.Statutes of Kansas, 1935, was really *not* an "integral part" of the Kansas statute of limitations and that the federal rule therefore should take precedence over a local state statute purely procedural in nature. The United States Supreme Court rejected this argument and accepted our determination that 60–308, Gen.Statutes of Kansas, 1935, was an integral part of 60–306, Gen.Statutes of Kansas, 1935. Certainly then the plain

import of *Ragan* is that in the absence of a determination of such integrality of the two statutes, the applicable federal rule would have controlled.

As indicated, the Kansas legislature in 1963 repealed all of the several statutes under consideration in *Ragan*. In lieu thereof, there was enacted that which now appears in Chapter 60 of the Kansas Statutes Annotated (K.S.A.), promulgated in 1964. Let us now examine the statutes applicable to the present controversy.

Chapter 60, K.S.A. is entitled "Procedure, Civil" and Article 2 thereof is labeled "Rules of Civil Procedure." K.S.A. 60–203, a part of Article 2, concerns commencement of action, and reads as follows:

> "A civil action is commenced by filing a petition with the clerk of the court, provided service of process is obtained * * * within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process * *."

Article 5 of Chapter 60, K.S.A., is entitled "Limitations of Actions" and K.S.A. 60–501 and 60–513(4) earlier set forth are contained therein. Significantly, there is no section of Article 5 similar to 60–308, Gen.Statutes of Kansas, 1935, specifically providing that insofar as the tolling of the statute of limitations is concerned, an action is commenced only as of the time the defendants are served.

The narrow issue now to be resolved is whether we are prepared to hold that K.S.A. 60–203 is an "integral part" of K.S.A. 60–501 and 60–513(4). If we do so hold, then *Ragan* would control, assuming *Ragan* has not been modified, if indeed not overruled, by *Hanna*. As indicated, we need not here make that determination as in our view K.S.A. 60–203 is not under the circumstances an integral part of K.S.A. 60–501 and K.S.A. 60–513(4). In thus holding we note that K.S.A. 60–203 is in Article 2 relating to "Rules of Civil Procedure" and that there is no language therein, as there was in 60–308, Gen.Statutes of Kansas, 1935,

concerning its applicability in determining whether an action has been commenced within the period prescribed by the applicable statute of limitations;. and that there is no section in Chapter 60, Article 5 of the Kansas Statutes Annotated comparable to 60–308, Gen.Statutes of Kansas, 1935. Rather, K.S.A. 60–203 is just what the Kansas legislature declared it to be, a statute setting forth a rule of civil procedure. So, it boils down to a determination as to whether a Kansas statute promulgating a rule of civil procedure as to when an action is commenced takes precedence in the federal courts over Fed.R.Civ.P. 3, with which it is in direct conflict. All of which brings into play the rule of *Hanna.*

The issue decided in *Hanna* was whether in a civil action in the United States district court based on diversity of citizenship service of process should be in the manner prescribed by Fed.R.Civ.P. 4(d) (1) or in the manner required by a Massachusetts statute prescribing the manner of service on an executor or administrator of an estate. Fed.R.Civ.P. 4(d) (1) permits service on an individual other than an infant or an incompetent by delivering a copy of the summons and complaint to him personally or "by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *." A Massachusetts statute provided that an executor, however, should not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced within said year "unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor * * *."

In *Hanna* service was effected by leaving copies of the summons and complaint with the wife of the executor at his residence, the executor being the named defendant in a personal injury action based on an automobile accident in South Carolina brought in the United States District Court for the District of Massachusetts by a citizen of Ohio. The United States district court granted the executor's motion for summary judgment and held that the adequacy of the service was to be measured by the local state statute and not Fed.R.Civ.P. 4(d) (1). On appeal the Court of Appeals for the First Circuit unanimously approved the judgment of the district court. Hanna v. Plumer, 331 F.2d 157. In reversing, the United States Supreme Court held that the adequacy of service should have been measured by federal rule and not by state statute. Without going into a detailed analysis of *Hanna,* it is sufficient to note that though federal courts are to apply state substantive law, nevertheless federal procedural law controls when there is a conflict between it and state procedural law. In so holding the United States Supreme Court first observed that the "outcome determination" test of Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, could not be blindly followed and should be read in the light of the policies underlying Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, namely, the discouragement of forum shopping and the avoidance of inequitable administration of the laws. The court then concluded that in any event *Erie* and its offspring are not the "appropriate test" of the validity and applicability of a Federal Rule of Civil Procedure and "cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules." Hanna, *supra,* 380 U.S. at 473, 85 S.Ct. at 1145.

In sum, we conclude as follows: (1) *Ragan* does not govern the instant case because under the law of Kansas as it presently exists the statute concerning the time an action is deemed to be commenced (K.S.A. 60–203) is purely procedural in nature and is not an integral part of the applicable Kansas statute of limitations (K.S.A. 60–501 and 513 (4)); (2) *Hanna* does control to the

end that Fed.R.Civ.P. 3 takes precedence over K.S.A. 60–203; (3) and under federal rule the actions having been commenced within two years after the causes of action accrued, the trial court did not err in denying defendant's motions for summary judgment.

The order of the trial court denying defendant's motions for summary judgment is hereby affirmed.