**Kenneth WANDREY, Plaintiff,**

v.

**SERVICE BUSINESS FORMS, INC.; The Ganzer Corporation, Inc.; Kevin Ganzer; Lawrence Wolfberg; and William McCarthy, Defendants.**

Civ. A. No. 88–1616–T.

United States District Court, D. Kansas.

April 9, 1991.

---

·Charles W. Harris, Steven J. Rupp, Curfman, Harris, Borniger & Rose, Wichita, Kan., Michael Kukla, Cowlin, Ungvarsky, Kukla & Curran, Crystal Lake, Ill., and Stuart L. Shapiro, Aurora, Colo., for plaintiff.

Kathryn Gardner, William Robert Martin, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., Jennifer P. Ewers, James F. Murphy, Conklin & Adler, Chicago, Ill., Gary M. Austerman, Klenda, Mitchell, Austerman & Zuercher, Wichita, Kan., and Robert J. Verrando, Adler, Kaplan & Begy, Chicago, Ill., for defendants.

MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the joint motion of defendants Service Business Forms, Inc. ("SBF"), the Ganzer Corporation, Inc. ("Ganzer Corp."), Kevin Ganzer, and Lawrence Wolfberg for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and (b)(5). The action is one in diversity for breach of an oral contract made in 1984. Defendants' motion is made on the grounds that plaintiff's action is barred by the Kansas statute of limitation, and alternatively, that the action against defendant Wolfberg should be dismissed for insufficiency of process.

As an initial matter, the court notes that defendants have moved to strike all responses filed by plaintiff for failure to engage a local attorney in this litigation. D. Kan. Rule 404. Plaintiff responds that local counsel has been actively involved in this litigation, and such local counsel now moves that the out-of-state attorneys be admitted pro hac vice to the practice of this court. The court will grant the motion of local counsel and will deny the motion to strike plaintiff's response.

I. *Procedural History*

The relevant chronology of this case is not in dispute.

1. On October 9, 1986, plaintiff filed suit against SBF in Illinois state court.

2. In late 1986, and upon motion of SBF, the case was removed to the United States District Court for the Northern District of Illinois.

3. On August 7, 1987, the court allowed plaintiff to amend the complaint to add defendants Kevin Ganzer, Lawrence Wolfberg, and William McCarthy.

4. On October 23, 1987, the court dismissed SBF for lack of personal jurisdiction.

5. On July 29, 1988, the court dismissed Ganzer for lack of personal jurisdiction.

6. Thereafter, on September 28, 1988, plaintiff moved under 28 U.S.C. § 1404 to transfer the case to the United States District Court for the District of Kansas. On the same day, the Illinois federal district court granted this motion, at which time the case was transferred to this court. The only defendants remaining on the date of this transfer were William McCarthy and Lawrence Wolfberg.

7. On March 29, 1989 plaintiff sought and was granted leave to file a second amended complaint that named existing defendants Wolfberg and McCarthy, renamed defendants SBF and Ganzer, and named for the first time Ganzer Corp.

II. *Discussion*

■ In this diversity action, the law of the forum state supplies the statute of limitation. *E.g., Kitchens v. Bryan County Nat'l Bank*, 825 F.2d 248, 254–55 (10th Cir.1987). The parties agree that the relevant statute of limitation for this action is the Kansas 3–year statute for "actions upon contracts not in writing...." K.S.A. § 60–512(1). "Under K.S.A. § 60–512 a cause of action for breach of contract not in writing must be instituted within three years from the date of the breach of the contract." *Wolf v. Brungardt*, 215 Kan. 272, 524 P.2d 726, syl. ¶ 1 (1974). From the parties' briefs the court gleans agreement that the alleged breach occurred at the earliest on May 1, 1984 and at the latest on October 1, 1984. Thus, any claim filed after October 1, 1987 is untimely as a matter of law under the Kansas statute.

A. Defendants Ganzer and SBF

■ As noted, the Illinois federal district court dismissed the claims against SBF and Ganzer on October 23, 1987 and July 29, 1988, respectively, for lack of personal jurisdiction. Thereafter, the case was transferred to this court on September 28, 1988. Plaintiffs did not rename these two defendants until the magistrate granted leave to amend the complaint on March 29, 1989.

Ganzer and SBF contend that plaintiff's action against them is not saved by the Kansas 6–month savings statute, which allows the refiling of actions timely filed, but dismissed for reasons other than upon the merits. K.S.A. § 60–518. *See also Prince v. Leesona Corp.*, 720 F.2d 1166, 1168–69 (10th Cir.1983) (Kansas savings statute applies whether first action was filed in

forum state or another state). The court finds this defense meritorious and concludes that plaintiff's action against these defendants was not refiled within the 6–month savings provision of K.S.A. § 60–518.

Plaintiff, however, presents what the court construes as two separate arguments based upon the federal procedural statutes. Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiff submits that his second amended complaint naming SBF and Ganzer relates to the same transaction as set forth in the original complaint and that these two defendants "have at all times had notice of the institution of the pending action." Doc. 10, at 3.

Before an amended petition may "relate back" to the original petition, all the requirements of Fed.R.Civ.P. 15(c) must be met. *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389–90 (10th Cir.1984).

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake con-

cerning identity, the action would have been brought against it; (4) the second and third requirements must have been fulfilled within their prescribed limitations period.

*Schiavone*, 477 U.S. at 29, 106 S.Ct. at 2384.

■■■ Defendant argues that plaintiff's second amended petition does not relate back to the original petition because plaintiff made no "mistake" concerning identity within the statutory period. Under the third requirement of the relation back provision of Rule 15(c), the actual or constructive knowledge of the party whom plaintiff seeks to add must be the knowledge that the failure to name that party was due to a mistake in identity. *Miller v. Calvin*, 647 F.Supp. 199, 202 (D.Colo.1985); *Keller v. United States*, 667 F.Supp. 1351, 1357–58 (S.D.Cal.1987). "This requirement ensures that the defendant to be added knew or should have known all along that joinder was a possibility." *E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F.Supp. 310, 314 (D.Del.1985). However, in the absence of a mistake by plaintiff as to the identity of the proper defendants, it is irrelevant whether the defendant had actual or constructive notice that suit could be filed against him. *Bruce v. Smith*, 581 F.Supp. 902, 906 (W.D.Va.1984). Thus, where the plaintiff knows the identity of the proper parties within the statutory period, the plaintiff's failure to name these parties represents only a tactical mistake, and there is no mistake in identity of which the defendant might have knowledge. *Miller*, 647 F.Supp. at 202. In determining whether plaintiff's mistake was merely tactical or a true mistake in identity, the court may consider whether the mistake was due to plaintiff's excusable neglect. *See Unicore, Inc. v. Thurman*, 97 F.R.D. 1, 6 (W.D.N.Y.1982); *Upshaw v. Equitable Life Assurance Soc'y*, 85 F.R.D. 674, 678 (E.D. Ark.1980); *see also* 6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1498, at 142–43 (2d ed. 1990) (plaintiff's inexcusable neglect relates to trial court's discretion under Rule 15(a)).

■ The court finds that plaintiff has failed to satisfy the third element of Rule 15(c). Plaintiff obviously knew of the identity of SBF and Ganzer within the period of the Kansas limitation statute. *Cf. Anderson v. Deere & Co.,* 852 F.2d 1244, 1248 (10th Cir.1988) (court may not consider subsequent dilatory behavior in failing to file where plaintiff had no knowledge of defendant's identity within statutory period). After these two defendants were originally dismissed for lack of personal jurisdiction in Illinois, it was incumbent upon plaintiff to refile within the 6-month savings period provided by K.S.A. § 60-518. Plaintiff not only failed to do so, but also waited 6 months after the case was transferred to this District before renaming these defendants by amended petition. Defendant SBF had been dismissed almost 17 months, and defendant Ganzer 8 months, before plaintiff decided to refile against them in Kansas. *See Upshaw,* 85 F.R.D. at 678 (relation-back denied where plaintiff had actual knowledge of name of potential defendant well within period of limitation, yet waited two years). Under these circumstances, defendants were entitled to assume that plaintiff had made a strategic choice not to pursue any further claims against them. *See Keller,* 667 F.Supp. at 1358.

■ Plaintiff also relies on 28 U.S.C. § 1631, which provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, ... is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

In *Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524 (10th Cir.1987), this circuit held that the transfer of a case for lack of personal jurisdiction from one district to another must be deemed to have been made pursuant to § 1631. The court reasoned that § 1631 was intended to resolve the difficulties regarding the applicable law when an interdistrict transfer is made for lack of jurisdiction. Prior to the enactment of § 1631, courts were required to determine whether such cases were transferred under the venue statute, 28 U.S.C. § 1406(a)—in which case the law of the transferee forum would apply—or whether transfer was made only for the convenience of the parties, *Id.* § 1404(a)—which would require application of the law of the transferor. By virtue of § 1631, however, a transfer made for lack of jurisdiction will always be considered to have been filed on the date the action was filed in the transferor forum. 822 F.2d at 1527.

■ The court finds plaintiff's reliance on the *Ross* decision to be misplaced. Unlike *Ross,* transfer to this district was not prompted by a finding by the Illinois federal court that it lacked jurisdiction. When the Illinois court found that it lacked personal jurisdiction over SBF and Ganzer, it simply dismissed these defendants, and the action proceeded with McCarthy and Wolfberg as named defendants. Thereafter, plaintiff moved for transfer to this court under 28 U.S.C. § 1404, which allows transfer "[f]or the convenience of parties and witnesses, ...." At the time plaintiff requested and received transfer to this District, neither SBF nor Ganzer remained parties to this action, and the transfer was made solely for the convenience of the remaining parties. The court must therefore conclude that this transfer was made pursuant to § 1404, and that § 1631 does not save plaintiff's claims.

The court finds that plaintiff failed to avail himself of the procedural devices applicable to claims dismissed for lack of personal jurisdiction. At the time the Illinois federal court found jurisdiction lacking over SBF and Ganzer, plaintiff could have requested a § 1631 transfer of these claims to this District, rather than dismissal.

Even after dismissal, plaintiff could have taken advantage of the Kansas 6-month savings statute, K.S.A. § 60–518. Having neglected to do so, the court is unable to resurrect these claims for plaintiff and must find the claims against SBF and Ganzer to be barred by the Kansas statute of limitation.

### B. Defendant Ganzer Corporation

■ The Ganzer Corp. was named a party for the first time on March 29, 1989. Plaintiff alleges that Kevin Ganzer is the principal agent of the Ganzer Corp., and that "but for plaintiff's *mistake in failing to name* the Ganzer Corporation as a proper party, the corporation, through Kevin Ganzer, *knew or should have known that the action would be brought against it.*" Doc. 10, at 8 (emphasis added). Defendant contends that plaintiff has long had knowledge of the existence and potential liability of the Ganzer Corp., and that plaintiff's failure to file claims against it within the statute cannot be considered the result of a mistake. Defendant supports this contention by directing the court to an affidavit by defendants' attorney in support of a November 1986 motion to dismiss made in the Illinois federal court. In this earlier motion to dismiss, defendant SBF relied in part upon what plaintiff claims was a written agreement made between defendant McCarthy and plaintiff. This agreement was a letter from McCarthy to plaintiff and was made on Ganzer Corporation stationary.

The court finds defendant's argument to be meritorious. Even a review of plaintiff's complaint reveals that plaintiff has been aware of the existence and potential liability of the Ganzer Corp. since the events giving rise to this action. Plaintiff correctly characterizes his mistake as a "mistake in failing to name the Ganzer Corporation," rather than a mistake in the identity of the proper party. Unfortunately for plaintiff, Rule 15(c) does not excuse the strategic or tactical mistakes of counsel in failing to name a known potential defendant, but only those mistakes that are due to a mistake made within the period of limitation as to the identity of the proper defendants. The court must therefore find the claims against this defendant to have been filed outside of the statute.

### C. Defendant Wolfberg

Wolfberg argues for dismissal of the claims against him on the grounds of untimeliness and alternatively for insufficiency of process.

In support of his first argument, defendant contends that plaintiff's claim against him was never filed within the meaning of the Kansas commencement statute. Under Kansas law,

> [a] civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained ... within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; ....

K.S.A. § 60–203(a) (1983). Defendant notes that the claims against him were first filed on August 7, 1987, but that the purported service was not made until June 30, 1988—far in excess of the 90 day period prescribed by Kansas law. Plaintiff, on the other hand, argues that federal rather than Kansas law supplies the relevant commencement statute in this case. Accordingly, plaintiff submits that his action was timely filed under Fed.R.Civ.P. 3, which simply provides that "[a] civil action is commenced by filing a complaint with the court."

■ In *Chappell v. Rouch,* 448 F.2d 446 (10th Cir.1971), this circuit held that Fed.R. Civ.P. 3, rather than K.S.A. § 60–203, is the only procedural requirement for commencing a diversity action within the Kansas statutes of limitation. Subsequent to this decision, however, the Supreme Court held that Rule 3 of the federal rules is not in conflict with state rules requiring service within a specified period of time after filing, and that such state service rules "must be considered part and parcel of the statute of limitation." *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980) (footnote

omitted).[1] The court therefore concludes that the Supreme Court has effectively overruled the *Chappell* decision, and that compliance with Kansas limitations law requires service of process upon defendant within the time specified by K.S.A. § 60–203. *Accord Saraniero v. Safeway, Inc.,* 540 F.Supp. 749, 752 (D.Kan.1982) (Saffels, J.); *Schmid v. Roehm GmbH,* 544 F.Supp. 272, 278 (D.Kan.1982) (O'Connor, C.J.).

▮ Plaintiff concedes that service was not made upon Wolfberg within the 90–day period prescribed by § 60–203. Plaintiff submits that the reason for the delay in service upon Wolfberg was that this defendant successfully evaded service. Plaintiff supports this contention with a letter from plaintiff's process server to plaintiff's attorney, in which the process server details his unsuccessful efforts to serve Wolfberg personally. Defendant objects to the court's consideration of this letter on the ground that the statements of the process server do not comply with Fed.R.Civ.P. 56(e). *See also* D.Kan.Rule 206(c) (facts must be presented in the form of affidavit, declaration under penalty of perjury, pleadings, depositions, or answers).

Even disregarding plaintiff's technical failures, however, the court finds a more serious problem with plaintiff's argument. Although plaintiff characterizes his efforts to serve Wolfberg as "diligent," the letter by the process server reveals that service was attempted for the first time on June 15, 1988—over 10 months after the complaint against this defendant was filed. Moreover, the Kansas statute allows for extension of the period in which service must be made only in two circumstances. First, the court may extend this period an additional 30 days upon a showing of "good cause by the plaintiff." K.S.A. § 60–203(a)(1). Because the purported service upon Wolfberg exceeded even this additional 30–day period, the court need not consider whether plaintiff might make a showing of good cause. Subsection (b) of the statute sets forth the second circumstance in which the 90–day period may be extended:

> If service of process ... *purports to have been made within the time specified by subsection (a)(1)* but is later adjudicated to have been invalid due to any irregularity in the form or procedure or any defect in making service, the action shall nevertheless be deemed to have commenced by the original filing of the petition if valid service is obtained ... within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

K.S.A. § 60–203(b) (1983) (emphasis added).[2] This provision provides no basis for allowing plaintiff to renew service on Wolfberg, however, because it requires that the original ineffective service have been attempted "within the time specified by subsection (a)(1)."

The court must find that the complaint against Wolfberg is untimely for failure to effect service within the time prescribed by K.S.A. § 60–203. Thus, it is unnecessary to address defendant's alternative argument challenging the sufficiency of process.

**1.** In noting the circuit split that it resolved, the *Walker* Court cited the Tenth Circuit's opinion in *Chappell.* 446 U.S. at 744 n. 6, 100 S.Ct. at 1982 n. 6.

**2.** The court notes that the Kansas legislature amended this subsection in 1990 to omit the emphasized language. Act effective Jan. 1, 1991, ch. 202, § 1(b), 1990 Kan.Sess.Laws 1267. Subsection (b) now simply requires that service of process "purport[ ] to have been made," without reference to whether the purported service was attempted "within the time specified by subsection (a)(1)." Nonetheless, the court will not consider whether application of this amendment might lead to a different result in this case. As the Kansas Supreme Court has held, "where a vested right of defense exists prior to the effective date of the procedural statute, it would not be proper to allow the retrospective application of 60–203(b)." *Jackson v. American Best Freight System, Inc.,* 238 Kan. 322, 325, 709 P.2d 983 (1985). Thus, even assuming that the amendment would allow plaintiff to re-attempt service if the court were to determine that service was ineffective, defendants enjoy a vested substantive right to the defense afforded by the 1983 version of § 60–203(b).

IT IS BY THE COURT THEREFORE ORDERED that the motion to admit pro hac vice attorneys Michael F. Kukla and Michael E. Coppedge to the practice of this court (Doc. 14) be granted. Defendants' motion to strike pleading (Doc. 12) is hereby denied.

IT IS FURTHER ORDERED that defendants' motion for dismissal of defendants Service Business Forms, Inc., The Ganzer Corporation, Inc., Kevin Ganzer, and Lawrence Wolfberg (Doc. 8) be granted.