54 F.3d 788
 130 Lab.Cas. P 11,335
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dean WHITTAKER; John A. Storoschuck, Jr.; Doug Whittaker;
Chris Hargis, Plaintiffs-Appellants,
v.
UNITED AIRLINES, INC., Defendants-Appellees.
 No. 94-1262.
 United States Court of Appeals, Tenth Circuit.
 May 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs filed a complaint against their employer, defendant United Airlines, alleging violation of seniority provisions of the collective bargaining agreement between defendant and the union of which plaintiffs were members. Plaintiffs requested that their grievances be heard before the System Board of Adjustment and arbitrated. Defendant did not answer the complaint, but moved for summary judgment on the ground that the collective bargaining agreement provided that only the union could pursue employee grievances beyond the first step of the grievance procedure. Plaintiffs filed a motion to join the union and amend their complaint to include a claim against the union for breach of fair representation.
 
 
 3
 The district court denied plaintiffs' motion to amend their complaint and join the union and granted summary judgment in favor of defendant. The district court gave no reason for its denial of plaintiffs' motion to amend. The basis for the grant of defendant's summary judgment motion was that the collective bargaining agreement provided that all grievance procedures beyond step one of the process must be undertaken by the union. The court found that the union elected not to pursue plaintiffs' grievances beyond the first step and, because plaintiffs had no legal right to independently appeal their grievances, defendant was entitled to judgment as a matter of law. The district court acknowledged that plaintiffs' complaint alleged wrongdoing by the union in failing to pursue their grievances, but noted that the remedy for a breach of a duty of fair representation was not to allow the employees to appeal their grievances, but, rather, the employees could pursue their federal cause of action against their union. The district court went on to summarily deny plaintiffs' motion to amend their complaint and join the union as a party.
 
 
 4
 We review the district court's grant of summary judgment de novo and apply the same standard under Fed R. Civ. P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). We agree with the district court that the collective bargaining agreement between plaintiffs' union and defendant precludes plaintiffs from pursuing their grievances independent of their union, therefore we affirm the summary judgment in favor of defendant.
 
 
 5
 Plaintiffs argue that the district court erred in denying their motion to amend their complaint and join the union in the action, and that the court's lack of explanation for the denial was, in itself, an abuse of discretion. We agree with plaintiffs that the district court should have set forth its reasons for exercising its discretion and denying plaintiffs' motion. See Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 596 n. 9 (10th Cir.1994)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Such an error, however, is harmless when the record contains an apparent reason justifying the denial of a motion to amend. Long v. United States, 972 F.2d 1174, 1183 (10th Cir.1992); see also Ramirez 41 F.3d at 596 (absent apparent reason in record for denial of motion to amend, denial without reasons would be abuse of discretion). In addition, "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." United States v. Sandoval, 29 F.3d 537, 542 n. 6 (10th Cir.1994)(quotations omitted).
 
 
 6
 "[I]f the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim," that is justification for a denial of a motion to amend. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992)(citing Foman, 371 U.S. at 182 (futility of amendment is adequate justification to refuse to grant leave to amend)). Plaintiffs sought to amend their complaint to state a hybrid cause of action by adding the union as a party and alleging breach of fair representation, in addition to their claim against defendant for breach of contract, thus establishing the district court's jurisdiction to hear both claims. See Barnett v. United Air Lines, Inc. 738 F.2d 358, 361-62 (10th Cir.), cert. denied, 469 U.S. 1087 (1984). A hybrid claim is subject to a six-month statute of limitations. Id. at 363-64. The record in this case establishes that plaintiffs were aware of their union's refusal to appeal their grievances beyond step one as early as April 16, 1993, Appellants' App. at 97, and not later than May 16, 1993, Appellants' Supp.App. Ex. 6. Plaintiffs did not seek to amend their complaint to join the union as a party and allege a hybrid claim until December 15, 1993, more than six months after either date.
 
 
 7
 Further, the proposed amendment would not have related back to the date the original complaint was filed. Fed.R.Civ.P. 15(c)(3) requires that for an amendment changing a party to relate back, three conditions must be met: (1) the claim must arise out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the party sought to be joined must receive notice of the action within the time for service of the summons and complaint; and (3) within the same time, the party sought to be joined must have known or should have known that, but for a mistake regarding the identity of the proper party, the action would have been brought against the party. See Rule 15(c)(2), (3). In this case, the first condition is satisfied but, regardless of the union's knowledge of the action, the third requirement is not met. In filing their action only against United for breach of contract, plaintiffs made a tactical decision not to bring suit against their union for breach of fair representation, as opposed to having made a mistake regarding identity of the proper party. See Anderson v. Deere & Co., 852 F.2d 1244, 1248 (10th Cir.1988); Wandrey v. Service Business Forms, Inc., 762 F.Supp. 299, 302 (D. Kan.1991). Indicating the tactical nature of their decision to omit the union as a party, plaintiffs' requested relief was that they be allowed to pursue their grievances through the arbitration process independent of their union. In fact, they only sought to amend their complaint to add the union and the hybrid claim in the event the district court denied their request to independently pursue their claims through the grievance arbitration process. Their tactical decision was to seek to compel arbitration in the first instance and, if that attempt was unsuccessful, the fallback strategy was to join the union and amend their complaint.
 
 
 8
 Plaintiffs' motion to join the union fell outside the statute of limitations for alleging a breach of fair representation. Further, the district court did not abuse its discretion in denying the motion to amend; the motion could not have related back to the original filing date to cure the limitations problem and, therefore, the amended complaint would have been subject to dismissal.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470