F I L E D
United States Court of Appeals
Tenth Circuit

DEC 4 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DARIUS C. LEAVENS,

        Plaintiff - Appellant,

v.

JAMES F. FOSTER, Special
Administrator of the Estate of
James O. Shields, Deceased,

        Defendant - Appellee.

No. 97-3054

(D. Kansas)

(D.C. No. 96-CV-2270)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Darius C. Leavens appeals from the district court's dismissal of his diversity personal injury action for failure to commence the action within the applicable Kansas statute of limitations for a negligence claim. We affirm.

Mr. Leavens' alleged injury occurred on June 9, 1994. Kan. Stat. Ann. § 60-513 provides a two-year statute of limitations for negligence actions. On June 7, 1996, within that two-year limitations period, Mr. Leavens filed his complaint in the federal district court. Thereafter, Mr. Leavens obtained service of process through a "Waiver of Service of Summons" pursuant to Fed. R. Civ. P. 4(d), which he presented to the defendant on September 23, 1996, and which he filed with the district court on October 22, 1996.

Kan. Stat. Ann. § 60-203(a) provides that:

A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, *if* service of process is obtained . . . within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; *or* (2) service of process . . . if service of process . . . is not made within the time specified by provision (1).

Id. (emphasis added).

In this case, Mr. Leavens did not obtain service within the 90-day period prescribed by Kan. Stat. Ann. § 60-203(a)(1). Accordingly, subsection (a)(2) governs, and the action was not commenced until the time of service of process, which was beyond Kansas' two-year statute of limitations.

In support of his argument that his case was nevertheless commenced in a timely fashion, Mr. Leavens makes three assertions: (1) because Kansas law does not have an explicit waiver-of-service provision and the federal rules do (Fed. R. Civ. P. 4(d)), the court should apply the federal rules of civil procedure to allow a 120-day time limit for service of process as provided in Fed. R. Civ. P. 4(m); (2) in the alternative, even if the federal rules do not apply, Kan. Stat. Ann. § 60-203 also allows for a 120-day time limit for service of process; and (3) by signing the waiver-of-service form, the defendant waived any objections to that service, including timeliness. We find these arguments meritless.

First, the federal rules of civil procedure do not affect a state statute of limitations in a diversity action. Walker v. Armco Steel Corp., 446 U.S. 740, 751-53 (1980). Under the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), the district court was required to apply Kansas state law to this diversity case. See id. at 78; Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945). Because "[w]e cannot give [the cause of action] longer life in federal court than it would have had in the state court," Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533-34 (1949), the Erie doctrine requires federal courts to apply state statutes of limitations in diversity cases. See Walker, 446 U.S. at 751-53; Storts v. Hardee's Food Sys., 919 F. Supp. 1513, 1522 (D. Kan. 1996) ("A plaintiff should not be allowed to proceed in federal court with a lawsuit which

would be barred in state court.  Therefore . . . for the purposes of the statute of limitations defense, we must look to Kansas law."(citations omitted)); <u>Wandrey v. Service Bus. Forms, Inc.</u>, 762 F. Supp. 299, 301 (D. Kan. 1991) ("In [a] diversity action, the law of the forum state supplies the statute of limitation."); <u>Elliott v. White, O'Connor & Werner</u>, 750 F. Supp. 451, 453 (D. Kan. 1990) (same).  Therefore, Mr. Leavens is incorrect in his assertion that the time limits set out by the federal rules should operate to enlarge Kansas' statute of limitations.[1]

Second, the action was not timely commenced under the requirements of Kansas law.  There is no question here that the waiver of service was both presented and filed outside the 90-day period provided for in Kan. Stat. Ann. § 60-203(a)(1).  Although Mr. Leavens implies that a 120-day time limit should apply, § 60-203(a)(l) states only that the court may allow a 30-day extension upon a showing of good cause by the plaintiff; Mr. Leavens does not claim that he

---

[1]<u>See also</u> David D. Siegel, <u>Supplementary Practice Commentaries</u>, 28 U.S.C.A. Fed. R. Civ. P. 4 (Supp. 1997):

> A federal diversity court has to apply a whole variety of state procedural rules governing time elements that touch the statute of limitations.  Even if state law has the equivalent of FRCP Rule 3 in providing that filing equals commencement, for example, but has special time requirements—different from the federal 120-day period—for linking the summons to the filing, the federal court must apply the state restrictions.  <u>See, e.g.</u>, <u>Cambridge Mut. Fire Ins. Co. v. City of Claxton</u>, 720 F.2d 1230 (11th Cir. 1983).

<u>Id.</u> C4-40 at 99.

moved for, or that the court granted, such an extension.[2]  Since service was obtained more than 90 days after the filing of the complaint, and a 30-day extension was not sought in this case, Mr. Leavens' action was not commenced until after the Kansas statute of limitations had expired.

Third, by signing the waiver of service, the defendant did not waive his defenses regarding the timeliness of the action.  The waiver form specifically states that the party signing the waiver "will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons."[3]  Appellant's App. at 4; see also Fed. R. Civ. P. 4(d)(1).  In this case, the defendant does not assert

---

[2]Such an extension of time under Kan. Stat. Ann. § 60-203(a)(1) "must be sought and granted before the expiration of the 90-day period." Read v. Miller, 788 P.2d 883, 888 (Kan. Ct. App. 1990); opinion adopted by Read v. Miller, 802 P.2d 528 (1990) (adopting the Kansas Court of Appeals' opinion but drawing two dissents).

[3]The form which Leavens used is identical to Form 1B, Fed. R. Civ. P., App. of Forms.  This form was added to facilitate the 1993 amendment to Fed. R. Civ. P. 4(d), which provides for a waiver of service.  As explained by Siegel, supra note 1, C4-16 at 51-52:

> If the plaintiff resorts to the waiver request and the defendant furnishes the waiver, the defendant concedes only the receipt of the complaint and makes efforts at further service unnecessary. [Rule 4(d)(1)] states that giving the waiver does not forfeit any objection to venue or to personal jurisdiction, to which we may add that neither does it waive anything else.  It concedes only the fact that the defendant has the complaint and is not insisting that a formal summons be issued or served.
> . . . .
> All objections remain alive, in other words, except those concerning the ritual of the summons and its service.

any defect in the service; instead, he asserts a statute of limitations defense which he specifically retained.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge