**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT W. WINKEL,

     Plaintiff - Appellant,

v.

DILIP PATEL, M.D., Larned State
Hospital; ARTURO OLEACHEA,
M.D., Larned State Hospital,

     Defendants - Appellees.

No. 20-3161

(D.C. No. 5:13-CV-03103-SAC)

(D. Kans.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.

---

After examining the appellate briefs and the appellate record, this court has

concluded unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Robert W. Winkel, a Kansas state prisoner proceeding *pro se*, appeals the

dismissal of the civil rights action he brought pursuant to 42 U.S.C. § 1983.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Winkel alleged Defendants-Appellees[1] deprived him of his constitutional due process rights by forcibly medicating him while he was a pretrial detainee. The district court dismissed Winkel's action, concluding (1) he failed to allege he was physically injured as a result of Defendants' conduct as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e); (2) his claims were barred by the applicable two-year Kansas statute of limitations, Kan. Stat. Ann. § 60–513(a); and (3) Defendants were entitled to qualified immunity. Having reviewed the record; the appellate briefs, including Winkel's reply brief[2]; and the applicable law, we conclude Winkel's § 1983 action is barred by the applicable statute of limitations. Accordingly, it is unnecessary to address the additional bases on which the district court granted Defendants' motion to dismiss.

This court conducts a de novo review of a district court's decision to dismiss an action under Rule 12(b)(6) based on the statute of limitations. *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1323 (10th Cir. 2008). It is well-settled that "state law determines the appropriate statute of limitations and accompanying tolling provisions" for § 1983 claims. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Winkel's original complaint was filed on Monday, June 10, 2013. In

---

[1]Winkel's original complaint named multiple defendants but only Defendants Oleachea and Patel were named in Winkel's amended complaint. Accordingly, they are the only defendants-appellees in this matter. *See May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019).

[2]Winkel filed an untimely reply brief which this court has nevertheless reviewed and considered.

his amended complaint, he asserts Defendants forcibly medicated him beginning June 7, 2001, and every day thereafter until he was returned to the Kingman County Sheriff's Office on July 11, 2011. Even assuming Winkel's original complaint was filed within two years of the last incident of which he complains, the record shows Defendants were not served until April 2018. Under Kansas law,

> [a] civil action is commenced at the time of: (1) filing a petition with the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by paragraph (1).

Kan. Stat. Ann. § 60-203. Because of the years-long delay in serving Defendants, Winkel's § 1983 action did not commence under Kansas law until April 2018, many years beyond the Kansas two-year statute of limitations. *See Leavens v. Foster*, 1997 WL 755149, at *1 (10th Cir. 1997) (unpublished disposition cited solely for its persuasive value).

Winkel raises multiple challenges to the determination his action is barred by the statute of limitations, including an argument Defendants waived or forfeited the statute of limitations defense. That argument, however, is unavailing. Defendants adequately raised the defense in their Answer. *See* Kan. Stat. Ann. § 60–208(c)(1)(P). Further, although the district court did not rely on Kan. Stat. Ann. § 60-203 to reach its conclusion, this court can affirm the district

-3-

court's ruling on any basis supported by the record. *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1255 (10th Cir. 1997) (analyzing whether a grant of summary judgment could be affirmed on statute-of-limitations grounds not considered by the district court).

Winkel argues in his reply brief that he has not had an opportunity to "develop the record" on the service-of-process argument. The record, however, needs no development. Entries 51 and 54 on the district court's docket conclusively show that Defendants Oleachea and Patel were not served until April 2018. Winkle does not dispute, or even discuss, this fact in his reply brief even though the text of his brief confirms he has access to the district court's docket. Further, although Winkel argued in his opening appellate brief that he was entitled to equitable tolling of the limitations period because of incapacity and the inability to conduct the necessary legal research, he did not expand on those arguments in his reply brief in response to Defendants' assertion his cause of action did not commence until 2018.

Because Winkel's § 1983 action commenced well beyond the applicable statute of limitations, the dismissal of the action is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
