**John P. BLOESSER, Plaintiff,**

v.

**OFFICE DEPOT, INC., Talco–Bernstein Realty Co., and TPM Construction Corp., Defendants.**

**No. 94–2097–KHV.**

United States District Court, D. Kansas.

Aug. 18, 1994.

Order Overruling Reconsideration Sept. 6, 1994.

tiff that only those applicable to the claims in this case need be provided.

Nathan C. Harbur, Overland Park, KS, for plaintiff.

Daniel P. Hanson, Law Offices of Daniel P. Hanson, Overland Park, KS, for Office Depot Inc., Talco–Bernstein Realty Co., James H. Bernstein.

Robert A. Mintz, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for TPM Const. Corp.

Barry W. McCormick, Payne & Jones, Chtd., Overland Park, KS, for Double K Const., Inc.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendant TPM Construction Corporation's Motion to Dismiss* (Doc. # 25). This is a slip and fall case in which plaintiff John P. Bloesser claims that defendant TPM Construction Corporation ("TPM") is liable for negligent construction and breach of express and/or implied warranties.

Bloesser claims he was injured on March 7, 1992, when he tripped on an unpainted corner of the sidewalk in front of the Office Depot store located in Shawnee, Kansas. On March 7, 1994, Bloesser filed a complaint against Office Depot, Inc., Talco–Bernstein Realty Company, the owner of the property, and John Doe Construction Company, which allegedly "performed the work on the sidewalk in front of the Office Depot in a careless manner and failed to provide adequate warning of the danger in the area where the plaintiff was injured." On March 24, 1994, Bloesser filed his first amended complaint. In that complaint, Bloesser alleged that the identity of John Doe Construction Company was unknown at that time. On May 12, 1994, Bloesser filed a second amended complaint naming TPM as the company which constructed the sidewalk in front of the Office Depot store.

TPM asserts that it is entitled to dismissal as a matter of law because plaintiff's claims are barred by the two-year statute of limitations provided in K.S.A. 60–513. In deciding a motion to dismiss, the Court must assume that all of plaintiff's factual allegations are true and construe them in the light most favorable to him. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991).

The Court should not dismiss the complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

■ Plaintiff's negligence claim clearly falls within the two-year statute of limitations. Plaintiff contends that his breach of warranty claim sounds in contract and is therefore governed by the three-year limitations period provided in K.S.A. 60–512. Because plaintiff claims personal injury as a result of the alleged breach of warranty, however, his claim sounds in tort and is governed by K.S.A. 60–513. *See Arnold v. Riddell, Inc.,* 853 F.Supp. 1488 (D.Kan.1994) (cause of action sounds in tort where breach of warranty results in personal injury). Thus, both of plaintiff's claims against TPM fall under the two-year limitations period.

Plaintiff did not file the second amended complaint substituting TPM for John Doe Construction Company until May 12, 1994, more than two years after his cause of action accrued. Thus, plaintiff's claims against TPM are barred by the statute of limitations unless they relate back to the date the original complaint was timely filed on March 7, 1994.

Rule 15(c)(3) of the Federal Rules of Civil Procedure governs whether such amendment relates back. *Watson v. Unipress, Inc.,* 733 F.2d 1386, 1389 (10th Cir.1984). Under Rule 15(c)(3), an amended pleading relates back to the date of the original pleading when

> the amendment changes the party or the naming of the party against whom a claim is asserted if [the claim arose out of the conduct, transaction, or occurrence set forth in the original pleading] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Relation back under 15(c)(3) is dependent on the following four factors, all of which must be satisfied: (1) the claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be brought in must or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed period for service of process—120 days after the filing of the original complaint under Rule 4(m). *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Hill v. U.S. Postal Service,* 961 F.2d 153, 155 (11th Cir.1992).

The parties agree that the first and second prongs of Rule 15(c)(3) are satisfied. The issue before the Court is whether plaintiff has satisfied the third requirement—mistake of identity. TPM contends that plaintiff did not make a mistake of identity but, rather, that plaintiff was unaware of or did not know TPM's identity. Plaintiff responds that the mistake of identity in this case was "intentional" in that plaintiff identified TPM fictitiously as "John Doe" and then quickly discovered its true identity.

Courts are split on whether an unknown identity constitutes a mistake of identity under Rule 15(c)(3). *Compare Campbell v. Coughlin,* 1994 WL 114831 (S.D.N.Y.1994) (Rule 15(c) allows amendment which adds defendants previously unknown to plaintiff); *Fludd v. U.S. Secret Service,* 102 F.R.D. 803, 806 (D.D.C.1984) (relation back allowed where plaintiff initially lacked knowledge of party's name and subsequently added it); and *Williams v. Avis Transport of Canada,* 57 F.R.D. 53, 55 (D.Nev.1972) (mistake occurs whenever a party who may be liable was omitted as defendant); *with Wilson v. U.S.,* 23 F.3d 559, 563 (1st Cir.1994) (Rule 15(c) not designed to remedy lack of knowledge of proper party); *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993) (15(c)(3) does not permit relation back where there is lack of knowledge of proper party); and *Western*

*Contracting Corp. v. Bechtel Corp.,* 885 F.2d 1196, 1201 (4th Cir.1989) (same).

■ This Court has found that excusable neglect by plaintiff is relevant to determining whether plaintiff's mistake was merely tactical or a true mistake in identity. *Wandrey v. Service Business Forms, Inc.,* 762 F.Supp. 299, 302 (D.Kan.1991). Plaintiff states that he named John Doe Construction Company in the original complaint and then quickly and expeditiously discovered that TPM performed the construction work. In other words, the identity of TPM was easily available to plaintiff, but he chose to wait until the statute of limitations had expired before making any attempt to discover it. Plaintiff states no reason for his delay. Because plaintiff could have discovered the identity of TPM before the limitations period had expired, his failure to do so is not excusable neglect and represents a tactical mistake instead of a true mistake in identity. *See Wandrey,* 762 F.Supp. at 301. Thus, the amendment adding TPM does not relate back to the original complaint under Rule 15(c). *Id.* Plaintiff's claims against TPM are therefore barred by the two-year statute of limitations.

**IT IS THEREFORE ORDERED** that the *Defendant TPM Construction Corporation's Motion to Dismiss* (Doc. # 25) should be and hereby is sustained.

Dated this 18th day of August, 1994, in Kansas City, Kansas.

## *MEMORANDUM AND ORDER OVERRULING RECONSIDERATION*

This matter comes before the Court on plaintiff John P. Bloesser's *Motion to Reconsider* (Doc. # 60). On August 18, 1994, the Court entered an order sustaining defendant TPM Construction Corporation's ("TPM's") motion to dismiss, finding that plaintiff's claims against TPM are barred by the two-year statute of limitations provided in K.S.A. 60–513.

The two-year statute of limitations expired on March 7, 1994, when plaintiff filed his original complaint naming John Doe Construction Company. Plaintiff argues that his claims against TPM (filed May 12, 1994) re-late back under Rule 15(c)(3) of the Federal Rules of Civil Procedure to the date he filed the original complaint. In its previous order, the Court found that plaintiff had failed to satisfy the third requirement of Rule 15(c)— that the party to be brought in knew or should have known that but for a mistake of identity the action would have been brought against it. The Court noted that the identity of TPM was easily available to plaintiff, but that he chose to wait until the statute of limitations had expired before making any attempt to discover it. The Court concluded that because plaintiff could have discovered the identity of TPM before the limitations period expired, his failure to do so was not excusable neglect and represented a tactical mistake instead of a true mistake in identity. *See Wandrey v. Service Business Forms, Inc.,* 762 F.Supp. 299, 301 (D.Kan.1991). Thus, the Court found that the amendment adding TPM did not relate back to the original complaint under Rule 15(c).

Plaintiff urges the Court to reconsider its ruling. Plaintiff claims that the identity to TPM was not easily available to him before the statute of limitations expired because he mistakenly believed that the five-year limitations period provided under Missouri law applied to his claims. Plaintiff explains that he did not learn that the Kansas two-year statute of limitations applied until he consulted with counsel on March 7, 1994 (the date on which the two-year limitations period expired and the date on which plaintiff filed his original complaint). Plaintiff states that it was impossible for his counsel to discover the identity of TPM prior to filing the original complaint. Thus, plaintiff concludes, the Court should find that his failure to timely name TPM constitutes excusable neglect.

■ "[A] motion to reconsider is purely a creature of local rule and is not covered by any provision of the Federal Rules of Civil Procedure." *Prudential Securities Inc. v. LaPlant,* 151 F.R.D. 678, 678 (D.Kan.1993). Such motion is appropriate when the Court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto*

*Workers,* 738 F.Supp. 441, 442 (D.Kan.1989). "Revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate." *Comeau v. Rupp,* 810 F.Supp. 1172, 1174 (D.Kan.1992) (citations and quotations omitted).

■ Plaintiff does not contend that the Court misapprehended his position, the facts, or the applicable law, nor has plaintiff produced new evidence. Rather, plaintiff merely attempts to re-explain the reasons behind his delay in naming TPM. Specifically, plaintiff provides a detailed explanation surrounding his last-minute discovery that the Kansas statute of limitations applied. Plaintiff's arguments were otherwise available at the time the Court issued its previous order and are therefore inappropriate content for a motion to reconsider. Regardless, the Court finds that plaintiff's ignorance of his legal rights and failure to seek legal advice until the last minute do not constitute a "mistake concerning the identity of the proper party" under Rule 15(c)(3).

**IT IS THEREFORE ORDERED** that plaintiff's *Motion to Reconsider* (Doc. # 60) should be and hereby is overruled.

Dated this 6th day of September, 1994, in Kansas City, Kansas.