Gary BRAY, Appellant,

v.

THOMAS ENERGY SYSTEMS, INC.,
d/b/a Tescorp, Defendant,

and

Vincent Thomas and Doyle
Hinds, Appellees.

No. 86233.

Court of Appeals of Oklahoma,
Division 3.

Dec. 5, 1995.

Roderick L. Oxford, Donald A. Flasch, Tulsa, for Appellant.

Phillip McGowen, Tulsa, for Appellees.

## OPINION

HANSEN, Judge:

Appellant, Gary Bray, seeks review, through the accelerated procedure provided for in Rule 1.203 of the Rules of Appellate Procedure, 12 O.S., Ch. 15, App. 2, of the trial court's order which granted the motions to dismiss of Appellees Vincent Thomas and Doyle Hinds.[1] Both Appellees moved to dis-

1. The trial court's August 29, 1995, judgment specifically determined there was no just reason

for delay and directed that final judgment be entered dismissing Appellees, Vincent Thomas

miss Appellant's First Amended Petition on the basis it failed to state a claim upon which relief can be granted under 12 O.S.1991, § 2012(B)(6) and because his claims are barred by the statute of limitations. In response to the motions, Appellant asserted his First Amended Petition "relates back" under 12 O.S.Supp.1993, § 2015(C)(3), to July 20, 1993, the date his first Petition was filed. Because Appellant attached two affidavits in his reply brief and Appellee Hinds submitted an affidavit, the motions to dismiss must be treated as motions for summary judgment.[2]

On July 20, 1993, Appellant filed his petition against Defendant Thomas Energy Systems, Inc. d/b/a Tescorp ("Defendant") alleging gross negligence, negligence and negligent infliction of emotional distress. In this petition, Appellant alleged he was exposed to a toxic chemical spill created by Defendant on or about August 9, 1991.[3] On March 10, 1995, Appellant filed his First Amended Petition adding Appellees as defendants and adding a fourth cause of action, negligence per se. In the First Amended Petition, appellant alleges Appellee Thomas "is now and has been at all relevant times President of Tescorp and a resident of the State of Oklahoma". He further alleged Appellee Hinds "is now and has been at all relevant time[s] Shop Foreman of Tescorp and a resident of the State of Oklahoma." In their motions to dismiss, both Appellees admit they are employees of Tescorp and assert Appellant's claims against them are barred by the statute of limitations. Appellant does not contend Appellees were added to this action within the applicable limitations period, but maintains the doctrine of "relation back" applies to save the amendment. 12 O.S.Supp.1993, § 2015(C) provides:

C. RELATION BACK OF AMEND-MENTS. An amendment of a pleading relates back to the date of the original pleading when:

1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

   a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

   b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

An amendment to add an omitted counterclaim does not relate back to the date of the original answer.

The delivery or mailing of process to the Attorney General of Oklahoma, or an agency or officer who would have been a proper defendant if named, satisfies the requirements of subparagraphs a and b of this paragraph with respect to the State of Oklahoma or any agency or officer thereof to be brought into the action as a defendant.

Because Section 2015 was adopted from and is virtually identical to Federal Rule 15, we adopt the construction placed on the federal version of our rules and statutes by the federal courts. *Dotson v. Rainbolt*, 894 P.2d 1109 (Okla.1995); *Marshall v. Allstate Insur-*

---

and Doyle Hinds. Although Hinds and Thomas also apparently filed motions for summary judgment, the trial court's order dated July 21, 1995 which granted their motions to dismiss provides their summary judgment motions were moot. This order also denied Appellant's motion for partial summary judgment.

**2.** See *Dyke v. Saint Francis Hospital, Inc.*, 861 P.2d 295 (Okla.1993). If a dismissal motion also tenders for consideration materials outside of the pleadings, the summary judgment procedure must be utilized. 12 O.S.1991, § 2012(B).

**3.** The statutory limitations period for negligence actions is two years. 12 O.S.1991, § 95 Third.

*ance Company,* 805 P.2d 689 (Okla.App. 1990).

New parties cannot be added by way of amendment after the statute of limitations has run unless the requirements of Rule 15(c), Federal Rules of Civil Procedure, have been met. *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *King & King Enterprises v. Champlin Petroleum Company,* 446 F.Supp. 906, 908 (E.D.Okla.1978). Neither party argues Appellant's First Amended Petition fails to meet the first requirement of relation back in § 2015(C)(2): that the claims against Appellees must have arisen out of the conduct or transaction set forth in the first petition. The dispute revolves around the satisfaction of § 2015(C)(3)(a) and (b): whether the parties to be brought in by amendment, here Appellees, have received such *notice* of the institution of the action that they will *not be prejudiced* in maintaining their defense on the merits and whether the parties *knew or should have known* that, *but for a mistake concerning the identity of the proper party,* the action would have been brought against them. It is these two provisions which "characterize the relationship that must exist between the action and the party to be joined in order to justify denial of the protection of the statute of limitations". 3 Moore's Federal Practice, 2nd Ed., Para. 15.15[4], p. 15–161 (1994). Appellant argues that the "close relationship" of both Appellees to Tescorp satisfies these requirements.

In a footnote in his response to the motion to dismiss, Appellant states:

"Mr. Thomas has admitted in sworn testimony taken on March 20, 1995 that he had actual knowledge to this lawsuit in July 1993. Mr. Hinds deposition has not yet been taken. On July 20, 1993, Plaintiff served Plaintiff's First Request for Production of Documents on Mr. Thomas. On July 28, 1993, Plaintiff filed Motions for Discovery Orders directs to Environmental Remediation Specialist and the Tulsa Fire Department and served copies of both on Mr. Thomas. On August 2, 1993, Tescorp. Filed its Answer to the Petition of Plaintiff."

This footnote is referred to by Appellant to support his contention both Appellees had *actual notice* of the institution of this action. There is no evidentiary material in the appellate record which substantiates any of these allegations. In opposing a motion for summary judgment, the adverse party is required to attach affidavits and other materials containing facts that would be admissible in evidence: the adverse party *cannot rely on the allegations or denials in his pleading.* Rule 13(b), Rules for District Courts, 12 O.S., Ch. 2, App. 1.

The undisputed facts which are supported by evidentiary material show Appellee Thomas is the President and 50% shareholder of Defendant Tescorp. Appellee Hinds is the shop foreman at Tescorp. Hinds is not an officer or director of the corporation and owns no stock in the corporation. In his affidavit, which is not controverted by any other evidence, Hinds states he heard nothing about Appellant's claims until sometime after August, 1993, when Appellee Thomas stated that "the painter had sued Tescorp". Hinds stated he had no further discussions with anybody about Appellant's claims from that time until Hinds met with Tescorp's counsel in December, 1994, for the purpose of assisting him with discovery requests. He stated there was no discussion at that time or any previous time, that Appellant would assert any claims against Hinds personally. Thus, there is no evidence either Appellee had *actual notice* of this action within the period provided in 12 O.S.Supp., § 2015(C)(3).

Appellant argues the "identity of interest" principle applies to the Appellees and satisfies the notice requirement of 12 O.S.Supp.1993, § 2015(C)(3)(a). The identity of interest principle has been applied by several courts to impute notice to the prospective party.[4] Under this principle, "the institution of an action against one party will constitute imputed notice to a party subsequently named by an amendment of the pleading when the parties are closely related in their business activities or linked in their corporate structure." *Allbrand Appliance &*

---

4. 3 Moore's Federal Practice, 2nd Ed., Para. 15.15[4], p. 15–164 (1994).

*Television Co., Inc. v. Caloric Corporation,* 875 F.2d 1021, 1025 (2nd Cir.1989). Appellant has cited several Pennsylvania cases which have allowed relation back of amendments which added corporate officers of the defendant after the limitations period has expired. We need not, however, determine whether there was a sufficient "identity of interest" between Appellees and Tescorp such as to impute notice to Appellees under § 2015(C)(3)(a) because Appellant has failed to satisfy the third requirement for relation back: that Appellees knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Appellant does not contend he made a mistake in not naming Appellees in the first petition but rather in his affidavit states he "was not *aware of the identity* of Defendants, Vincent Thomas or Doyle Hinds" at the time the original petition was filed on July 20, 1993. Appellant also submitted the affidavit of his attorney who stated, "At all times throughout my legal representation of Gary Bray, I was unaware of the *existence or identity of any specific individual tortfeasors* ".

■ The mistake requirement has been referred to as an "estoppel test", wherein the facts of each case are examined to determine whether the party to be added to the action had either actual or constructive knowledge of the mistake and should have known he was the one intended to be sued. *King & King Enterprises v. Champlin Petroleum Company,* 446 F.Supp. 906, 910 (E.D.Okla. 1978).

■ In *Dotson v. Rainbolt,* 894 P.2d 1109 (Okla.1995), the Supreme Court held the amendment to the plaintiff's complaint, which named defendants whom she had initially names as John Does, did not relate back to the date plaintiff filed her initial petition, where plaintiff knew who the defendants were, although she did not know all the acts and omissions committed by them. The Court rejected the plaintiff's contention the mistake requirement of § 2015(C)(3)(b) must be construed to mean knowledge of both the name of a new defendant and of the acts committed by that defendant. *Dotson* differs

from this appeal in that in *Dotson,* the plaintiff admitted she knew the identity of the defendants from the beginning. Quoting *In re Syntex Corp. Securities Litigation,* 855 F.Supp. 1086, 1099 (N.D.Cal.1994), *Dotson* provides: "Thus, the relevant inquiry focuses on when the plaintiff first had notice of the defendant's correct identity, not on when the plaintiff first had notice of the defendant's culpability." To the extent that Appellant argues the evidentiary material supports the inference Appellant did not learn of Appellees' *culpability* until after the limitations period expired, *Dotson* squarely holds this alone is insufficient.

■ The question, then, is whether Appellant's claimed lack of knowledge of Appellees' identity constitutes a "mistake" in identity under § 2015(C)(3)(b) and that Appellees should have known that they were the parties intended to be named in the first petition. There is a division of authority on whether unknown identity alone constitutes a "mistake" under Federal Rule 15(C). *Bloesser v. Office Depot, Inc.,* 158 F.R.D. 168 (D.Ks.1994); *Davis v. Frapolly,* 742 F.Supp. 971 (N.D.Ill.1990). In *Bloesser,* in denying relation back of an amendment adding a defendant, the federal court held that excusable neglect by the plaintiff is relevant in determining whether the plaintiff's "mistake" was merely tactical or a true mistake in identity. In *Bloesser,* the identity of the added defendant was easily available to the plaintiff but the plaintiff chose to wait until after the statute of limitations had expired before making any attempt to discover it. The plaintiff gave no reason for his delay. The court denied relation back and granted the motion to dismiss because the plaintiff could have discovered the defendant's identity, his failure was not excusable neglect and represented a tactical mistake instead of a true mistake in identity.

■ In this appeal, Appellant offers no reason for his failure to add Appellees to this action within the statutory period. According to his First Amended Petition, both Appellees are residents of this State, Thomas is now and "has been at all relevant times" President of Tescorp and Hinds "is now and

has been at all relevant times" shop foreman of Tescorp. Tescorp's principal place of business is in Tulsa County, Oklahoma where Appellant is a resident. And, according to Appellant's unsupported statements in his response brief, Appellant served certain documents on Appellee Thomas in *July, 1993,* which is before the two-year limitation period had expired. Like the plaintiff in *Bloesser,* the identities of the added defendants were easily available to Appellee but he chose to wait until after the expiration of the limitations period to discover them. Appellant has failed to demonstrate his mistake in naming Appellees represents a true mistake in identity, rather than a simple tactical mistake.

■ Summary judgment on a statute of limitations defense in favor of the moving party is appropriate where the evidence is sufficient to support a finding of fact of the time-bar and where the evidence establishes there is no dispute as to the time the limitation period began to run or the running of the limitation period. *MBA Commercial Construction, Inc. v. Roy J. Hannaford Company, Inc.,* 818 P.2d 469 (Okla.1991). The trial court did not err in granting the motions to dismiss of Appellees and in denying Appellant's motion to reconsider and motion for leave to amend.

AFFIRMED.

HUNTER, P.J., and ADAMS, J., concur.