2000 OK CIV APP 89

**Joanna KANG, Plaintiff/Appellant,**

v.

**Bobby KANG, Defendant/Appellee.**

**No. 93,561.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 21, 2000.

Certiorari Denied June 27, 2000.

Craig L. Box, Julia C. Rieman, Gungoll, Jackson, Collins & Box, P.C., Enid, Oklahoma, For Plaintiff/Appellant,

Linda McKnight Pickens, Crowley, Pickens & Martin, Enid, Oklahoma, For Defendant/Appellee.

## OPINION

ADAMS, Judge:

¶1 On April 28, 1999, Joanna Kang (Plaintiff) filed a "Petition for Assault and Battery" naming Bobby Kang (Defendant) as the defendant and alleging he had "shoved and struck" her on December 31, 1997, causing Plaintiff to strike her head with resulting injury. Defendant filed a Motion to Dismiss, arguing she had failed to state a claim upon which relief could be granted because her claim was barred by the one-year statute of limitations for assault or battery contained in 12 O.S.1991 § 95(4).

¶2 Plaintiff responded, including her affidavit that she did not know her injuries were permanent until March of 1999. According to Plaintiff, the statute of limitations was therefore tolled by the "discovery rule." The trial court considered Plaintiff's affidavit but granted Defendant's motion, dismissing Plaintiff's action. Plaintiff then filed this appeal.

¶3 Matters outside the pleading were presented to the trial court and were not excluded. Accordingly, we must treat the trial court's order as one granting summary judgment. *See* 12 O.S.1991 § 2012(B). In determining whether summary adjudication was appropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Defendant was entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Plaintiff. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company,* 1985 OK 25, 698 P.2d 17.[1]

¶4 Plaintiff's affidavit makes it clear that she was fully aware on December 31, 1997, that Defendant had shoved her, causing her to hit her head and that shortly thereafter she began seeking medical treatment for vision problems. The uncontroverted facts establish that more than one year prior to the date she filed this petition, Plaintiff had all of the facts necessary to maintain her claim to a successful conclusion, and her cause of action had accrued. *See In Re 1973 John Deere 4030 Tractor,* 1991 OK 79, 816 P.2d 1126.

¶5 The fact which Plaintiff contends she had not "discovered" by that time and which she says should have tolled the statute of limitations was that her injury was permanent. She cites no authority to support the conclusion that the limitation period is tolled until a potential plaintiff can discover the extent of injury, as opposed to the fact of injury. In each of the cases cited by Plaintiff, there was a fact question concerning whether the injured party could have discovered the facts essential to establish each element of a cause of action. No such fact questions exist here. The statute of limitations on Plaintiff's assault and battery claim against Defendant was not tolled because Plaintiff allegedly did not know the full extent of her injury but did know she had been injured and that Defendant had caused it.

¶6 The facts shown by the evidentiary materials presented to the trial court, considered in the light most favorable to Plaintiff, and all reasonable inferences from those facts are consistent only with the conclusion that the statute of limitations barred Plaintiff's claim. The trial court's judgment is affirmed.

¶7 AFFIRMED

¶8 JOPLIN, J., concurs; HANSEN, V.C.J., dissents.

---

1. In this connection, we do *not* consider the Partial Transcript of Proceedings from the parties' previous divorce action contained in the Supplement to Record on Accelerated Appeal filed by Defendant. Although Defendant's counsel apparently referred to that transcript in her argument to the trial court in this case, the transcript was not presented to the trial court in support of that argument, and there is no indication in the record that its contents were considered by the trial court in making a decision.