2003 OK CIV APP 83

**Tom TISDALE and Bertha Tisdale, Plaintiffs/Appellants,**

v.

**ITW RAMSET/RED HEAD, a wholly owned subsidiary of Illinois Tool Works, Inc., Defendant/Appellee,**

and

**Hilti, Inc., Hilti Group, Hilti International, and Hilti Corporation, Defendants.**

No. 98,968.

Court of Civil Appeals of Oklahoma, Division No. 2.

June 3, 2003.

Certiorari Denied Sept. 22, 2003.

Eric W. Quandt, Jack G. Zurawik Tulsa, OK, for Plaintiffs/Appellants.

John R. Woodard, III, Jody R. Nathan, FEldman, Franden, Woodard, Farris & Boudreaux, Tulsa, OK, for Defendant/Appellee.

Opinion by TOM COLBERT, Vice Chief Judge.

¶ 1 Tom and Bertha Tisdale appeal from the district court's order dismissing their claim against ITW Ramset/Red Head. The issue in this action for personal injury is whether the district court erred in holding the Tisdales' claim time-barred as a matter of law. Upon review of the record and applicable law, we conclude that the court erred and we reverse.

**FACTS AND PROCEDURAL HISTORY**

¶ 2 On March 16, 2000, Tom Tisdale was injured in the course of his employment when a nail gun malfunctioned, sending a nail into his right eye. On March 13, 2002, Tom

and his wife sued Hilti, Inc., Hilti Group, Hilti International, Hilti Corporation, and "John Doe" on theories of negligence, manufacturers products liability, and breach of warranty. On September 9; 2002, the Tisdales filed an amended petition substituting ITW as a defendant in place of "John Doe."

¶ 3 ITW filed a motion to dismiss, asserting that the Tisdales' claim against it was barred by the statute of limitations. Following the exchange of briefs and a hearing, the district court granted ITW's motion. The Tisdales dismissed their claims against the other defendants and appeal.

## STANDARD OF REVIEW

¶ 4 Although ITW filed a motion to dismiss, the Tisdales attached an affidavit to their supplemental response. As the affidavit was not excluded by the trial court, we treat ITW's motion as one for summary judgment. 12 O.S. Supp.2002 § 2012(B); *see also Kang v. Kang*, 2000 OK CIV APP 89, ¶ 3, 11 P.3d 218, 219. "Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Davis v. Leitner*, 1989 OK 146, ¶ 9, 782 P.2d 924, 926. In reviewing the grant or denial of summary judgment, we must view all inferences and conclusions to be drawn from the evidentiary materials in a light most favorable to the party opposing the motion. *Id.* Although a trial court considers factual matters when deciding whether summary judgment is appropriate, its ultimate decision is purely legal: whether one party is entitled to judgment as a matter of law because there are no material disputed facts. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. Therefore, our standard of review on appeal is de novo. *Id.*

## DISCUSSION

¶ 5 There is no dispute that the Tisdales' amended petition was filed after the limitations period expired. *See* 12 O.S.2001 § 95(3). Their claim against ITW is timely only if the amended petition relates back to the date of the original petition.

An amendment of a pleading relates back to the date of the original pleading when:

* * *

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

  a.  Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

  b.  Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

12 O.S.2001 § 2015(C).

¶ 6 Service of process must be made within 180 days of the filing of the petition. 12 O.S.2001 § 2004(I). The effect, when combined with section 2012(C)(3), is that a plaintiff seeking to have an amended petition naming a new or substituted party relate back to the date of the original petition must be able to show, at a minimum, that within 180 days of the filing of the original petition, the new party knew or should have known that "but for a mistake" concerning its identity, the claim would have been brought against it originally. "New parties cannot be added by way of amendment after the statute of limitations has run unless the requirements of [12 O.S.2001 § 2015(C)] have been met." *Bray v. Thomas Energy Sys., Inc.*, 1995 OK CIV APP 146, ¶ 3, 909 P.2d 1191, 1194.

¶ 7 The Oklahoma Supreme Court has adopted the federal courts' construction of Rule 15(c) of the Federal Rules of Procedure, which is identical to section 2015(C). *Dotson v. Rainbolt*, 1995 OK 39, ¶ 14, 894 P.2d 1109,

1113. There are three conditions to the doctrine of relation back:

(1) the plaintiff's claim against the newly-named defendant must have arisen "out of the conduct, transaction, or occurrence set forth ... in the original pleading," *see* 12 O.S.2001 § 2015(C)(2);

(2) within 180 days of the filing of the original petition, the newly-named defendant must have "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits," *see* 12 O.S.2001 § 2015(C)(3)(a); *and*

(3) within 180 days of the filing of the original petition, the newly-named defendant "knew or should have known that, but for a mistake concerning [his] identity," the action would have been brought against him originally, *see* 12 O.S.2001 § 2015(C)(3)(b).

*Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir.2001). All three conditions must be met before the amended petition can relate back to the filing date of the original petition.

¶ 8 Whether the Tisdales' lack of knowledge of ITW's identity was a "mistake" becomes relevant only if there is an issue of fact as to whether, within 180 days of the filing of the original petition, ITW had some actual or imputed knowledge of the lawsuit and its possible role in it. The Tisdales submitted the affidavit of Mr. Tisdale's employer's attorney in the workers' compensation case. That affidavit states that ITW was contacted by a private investigator on the employer's behalf well before the 180-day time limit. The affidavit also states that the Tisdales' attorney was not informed of ITW's identity until after the conclusion of the workers' compensation claim. Viewing that affidavit and all possible inferences from it in the Tisdales' favor, *Kang*, 2000 OK CIV APP 89, ¶ 3, 11 P.3d at 219, we conclude that ITW may have known about the lawsuit and may have been aware that it was an intended target within the 180 days. This is an issue of material fact that precludes the entry of judgment as a matter of law.

¶ 9 The parties debate the meaning of two Oklahoma cases interpreting section 2012(C). The first, *Dotson*, 1995 OK 39, 894 P.2d 1109, is of limited value here because it applies an earlier version of section 2012. *See id.* at ¶ 16 n. 5, 894 P.2d at 1113 n. 5. The second, *Bray*, 1995 OK CIV APP 146, 909 P.2d 1191, is somewhat more applicable since it analyzes the current version of section 2015(C). In *Bray*, the Court of Civil Appeals determined that the plaintiff had not made a "mistake," for the purposes of relation back, by simply failing to discover the names of the defendants within the statutory limitations period. *Id.* at ¶ 11, 909 P.2d at 1195–96. We do not view *Bray* as determinative here, however, because the Tisdales tried without success to discover ITW's identity from the very firm now representing it.

¶ 10 Certainly, "the bulk of authority from [federal] Courts of Appeals takes the position that the amendment of a 'John Doe' complaint—i.e., the substituting of real names for 'John Does' or 'Unknown Persons' named in an original complaint—does not meet the 'but for a mistake' requirement." *Singletary*, 266 F.3d at 200. However, the combination here of (1) the Tisdales' unsuccessful attempts to discover ITW's name from attorneys who apparently knew of and withheld that information, and (2) the fact that ITW is represented by the same firm which represented Mr. Tisdale's employer, creates issues of fact such that judgment as a matter of law was in error.

¶ 11 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.