2006 OK 57

**David Wei PAN, an individual, and Xiaolu Wang, an individual, Plaintiffs/Respondents**

v.

**Mark BANE, an individual, and Marta Bane, an individual, Defendants/Petitioners.**

**No. 102,233.**

Supreme Court of Oklahoma.

July 5, 2006.

As Corrected July 26, 2006.

Adam Scott Weintraub, Savage, O'Donnell, Affeldt, Weintraub & Johnson, Tulsa, OK, for Petitioners.

Kenneth E. Wagner, Roni S. Rierson, Marcus N. Ratcliff, Brian J. Goree, Latham, Stall, Wagner, Steele & Lehman, Tulsa, OK.

EDMONDSON, J.

¶ 1 The question before us in this accelerated review is whether, under these circumstances, plaintiffs' amendment to their petition adding a new party and a new theory of recovery after the expiration of the statute of limitations properly "relates back" under the provisions of 12 O.S.2001, § 2015(C), to the date the action was originally commenced. We find that it does and that the statute was correctly applied by the trial court. Certiorari was previously granted on defendants' petition to review the certified interlocutory order of the Tulsa County District Court and we affirm that court's order allowing the amendment.

¶ 2 This case arose from an automobile accident on March 1, 2003, involving a vehicle owned and occupied by plaintiffs, David Pan and his wife, Xiaola Wang, and a vehicle owned by defendants, Mark and Marta Bane. The material facts are not disputed. The Banes' minor daughter, Lacey Bane, was driving their automobile and this fact was shown in the accident report. On December 1, 2004, Mr. Pan and his wife filed a negligence action seeking damages for property and personal injuries sustained in the accident. Mark and Marta Bane and their insurance carrier, American Commerce, were named as defendants and were timely served within the 180 days allowed by 12 O.S. § 2004(I). The petition omitted Lacey as a defendant; instead, it alleged Mr. and Mrs. Bane had "negligently operated" the vehicle and caused the collision. In their answer,

Mark and Marta Bane did not state that they were not driving; instead, they denied being "negligent in the happening of the subject incident." Plaintiffs subsequently dismissed their action against the insurer.

¶ 3 The statute of limitations expired on March 1, 2005. In late April 2005, the plaintiffs discovered they had mistakenly identified Lacey's parents as the negligent operators of their vehicle. On April 28, 2005, plaintiffs filed their motion seeking leave to file an amended petition pursuant to § 2015(C), to add Lacey as a defendant in the negligence claim and to add negligent entrustment as a theory of recovery against Mark and Marta Bane.

¶ 4 Plaintiffs contended below, as they do on appeal, that the amended petition related back to the filing of the original petition pursuant to the provisions of the statute. They argued Lacey had constructive notice of the commencement of the action, as notice should be imputed to her from her parents because of the identity of interest between them; specifically, that she was a minor living in her parents' home, had been driving her parents' vehicle, and knew or should have known when her parents were sued that the action would have been brought against her but for the mistake as to the identity of the proper party. They also stressed that Lacey and her parents were covered under the same insurance policy, that their insurer had been on notice since the beginning of the suit, and that they also shared the same counsel. Defendants objected, arguing the action was barred by the statute of limitations and the facts of this action were not within the reach of § 2015(C).

¶ 5 The trial judge granted plaintiffs' motion and plaintiffs filed their amended petition and served Lacey with summons on May 25, 2005. The trial court certified its order for interlocutory appeal and entered an order staying the action. Resolution of this question involves the interpretation and application of a statute to undisputed facts, which is a question of law that we review de novo. *Manley v. Brown*, 1999 OK 79, 989 P.2d 448.

¶ 6 New parties or claims may not be added to a civil action by amendment to pleadings after the statute of limitations has run unless the requirements governing the relation back of amendments set forth in 12 O.S.2001, § 2015(C), have been satisfied. That statute provides:

C. RELATION BACK OF AMENDMENTS. An amendment of a pleading relates back to the date of the original pleading when:

1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

An amendment to add an omitted counterclaim does not relate back to the date of the original answer.

The delivery or mailing of process to the Attorney General of Oklahoma, or an agency or officer who would have been a proper defendant if named, satisfies the requirements of subparagraphs a and b of this paragraph with respect to the State of Oklahoma or any agency or officer thereof to be brought into the action as a defendant.

¶ 7 Because the Oklahoma Pleading Code, 12 O.S. §§ 2001 et seq., is based on the Federal Rules of Civil Procedure, we rely on federal authority for guidance as to the construction of corresponding sections of our

statutes. Section § 2015(C) is virtually identical to Rule 15(c) of the Federal Rules of Civil Procedure and we have adopted the construction placed upon it by the federal courts.[1] *Dotson v. Rainbolt,* 1995 OK 39, 894 P.2d 1109, 1113; *Prough v. Edinger, Inc.,* 1993 OK 130, 862 P.2d 71, 74.

¶ 8 The general philosophy of modern pleading rules is that they should give fair notice of the claim and be subject to liberal amendment, be liberally construed so as to do substantial justice, and decisions should be made on the merits rather than on technical niceties. 5 Wright & Miller, Federal Practice and Procedure: Civil 3d §§ 1202, 1215–1226. Addressing the philosophy and purpose of the federal rules in *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222(1962), the Supreme Court stated: "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson,* (citation omitted). The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1."

¶ 9 The relation back doctrine of Federal Rule 15(c) is remedial and promotes the general purpose of the federal rules by "providing the opportunity for a claim to be tried on its merits rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed." 3 Moore's Federal Practice, § 15.19[3][a](3d ed.at 15–84). The rationale of the doctrine is that where the party to be added [2] has received timely and fair notice of the institution of the original action and the facts upon which it is based, he has received all the notice and protection required by the statute of limitations which exists to protect defendants from prejudice that may result from having to defend against stale claims. *See e.g., Bloomfield Mech. Contracting, Inc. v. Occupational Safety & Health Review Comm'n,* 519 F.2d 1257, 1262 (3d Cir.1975) (purpose of relation back is to "ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the institution of the action"); *Rendall–Speranza v. Nassim,* 107 F.3d 913, 918 (D.C.Cir.1997) (The purpose of the rule is to "avoid the harsh consequences of a mistake that is neither prejudicial nor a surprise to the misnamed party. A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose-unless it is or should be apparent to that person that he is beneficiary of a mere slip of the pen, as it were."); *Lacedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 127 (D.R.I.2004) (in

1. The Oklahoma Comment to the section explains: "The [1993]amendments to section § 2015 track the 1991 amendments to Fed. R.Civ.P. 15, which were designed to overturn the result in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The *Schiavone* case dealt with the application of a statute of limitations to a defendant who was misnamed in a complaint. The plaintiffs in *Schiavone* e attempted to sue the owners of Fortune magazine, and they named the defendant "Fortune," instead of the correct owner, "Time, Inc." After the statute of limitations ran, the plaintiffs attempted to amend the complaint to name Time, Inc., and the United States Supreme Court held that the amendment did not relate back under Fed. R.Civ.P. 15(c), because Time, Inc. did not receive notice of the lawsuit until after the statute of limitations had run.

   The result in *Schiavone* is undesirable, because a defendant no longer has to be served within the statute of limitations. All that is needed under 12 O.S.1991, § 2003 is the filing of the complaint within the statute of limitations and its service before the 180 day deadline in 12 O.S.1991, § 2004(I). The [1993] amendments to section 2015(C) would permit the relation back of an amendment to a petition as long as the proper defendant received notice of the lawsuit before the deadline in section 2004(I) expired. In addition, relation back would be permitted if the applicable statute of limitations (e.g., the law of another state) is more liberal and would allow relation back of the amendment."

2. "Changing the party" should be liberally construed by the courts to include an amendment *adding* a defendant as well one *substituting* a defendant encompassed by Rule 15(c). 6A Wright, Miller & Kane, Federal Practice & Procedure, Civil 2d § 1498, at 126.

a proper case the doctrine ensures that new parties cannot use the statute of limitations to prevent litigation of claims when they received sufficient notice of the proceedings or were practically involved in the proceedings from the early stages of litigation).

¶ 10 Three requirements must be met in order for an amendment adding a new party to relate back to the original filing of the action. The first, same transaction, is satisfied in this case. Defendants concede the amended complaint arises from the same occurrence asserted in the claim of the original petition. This controversy concerns the other requirements. The second requirement is that the party to be added must have received timely notice and will not be prejudiced in maintaining a defense. The third requirement is that the party to be added, within the specified time period, knew or should have known that but for the mistake of identity the action would have been brought against him or her. Defendants contend Lacey did not receive timely notice of the suit. They concede that her parents received timely notice, but they argue notice cannot be imputed to her and that she would be prejudiced if the amendment is allowed to relate back and she is forced to oppose the action on the merits. They also argue the third requirement was not met as there was no showing that Lacey knew or should have known that but for the mistake the action originally would have been brought against her. Additionally they contend the omission of her name from the original complaint was not a "mistake of identity" within the contemplation of the statute. We find all the criteria were clearly satisfied and the amendment was properly held to relate back.

¶ 11 The second requirement, timely notice, has been characterized as the "linchpin" of relation back doctrine. *Schiavone*, 477 U.S. at 31, 106 S.Ct. 2379. Notice of the pendency of the action may be actual or constructive, formal or informal, but it must be received by the party to be added within the requisite time period and it must be such that the new party will not be prejudiced in maintaining a defense. See generally, 3 Moore's Federal Practice, § 15.19[3][c](3d. ed); 6A Wright, Miller &

Kane, 6A Federal Practice & Procedure: Civil 2d § 1498. The requirement of timely notice "serves as the yardstick used for evaluating whether or not amending the complaint will cause the new defendant to suffer prejudice if he or she is forced to defend the case on the merits." *Lacedra*, 334 F.Supp.2d at 128.

¶ 12 If the party to be added has a sufficient identity of interest with the original defendant, constructive notice will be imputed to the former, thereby satisfying the notice requirement for relation back where it will not be prejudicial. *Korn v. Royal Caribbean Cruise Line, Inc.* 724 F.2d 1397, 1401(9th Cir.1984). Imputing notice in this method is widely accepted by the courts and is based on the idea that an identity of interest exists where the original party and the new party are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. 6A Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 1499; 3 Moore's Federal Practice, § 15. 19[3][c](3d ed.).

¶ 13 In *Traveler's Indemnity Co. v. United States for Use of Const. Specialties Co.*, 382 F.2d 103 (10th Cir.1967), the Tenth Circuit Court of Appeals held an amendment substituting a subsidiary surety company of the parent insurance carrier for the parent corporation properly related back to the original filing pursuant to the provisions of prior Rule 15(c), where the two companies were closely related; among other things they had the same managers and directors, occupied the same office and their activities supplemented one another. The Court also noted the parent company had not suggested in its responsive pleadings that it was not the proper party to be sued until after the statute of limitations had expired; instead it "hid in the bushes and . . . struck the plaintiff from ambush." In light of those facts, the U.S. Court of Appeals affirmed the trial court's finding that the subsidiary had been sufficiently "apprised of the pendency of the action and given adequate notice" by service to the parent company. *Id.* at 106.

¶ 14 The Tenth Circuit recognized that "denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced" does not serve the purpose of the federal rules as the "ends of justice are not served when forfeiture of just claims because of technical rule is allowed," and reasoned that amendments should therefore be granted freely as justice requires, and a trial court's decision allowing an amendment should be reversed only for a clear abuse of discretion. *Id.* at 106. *Accord, Anderson v. Deere & Co.* 852 F.2d 1244, 1247 (10 Cir.1988) (amendment held to relate back to manufacturer which knew or should have known, before requisite time expired, that it rather than its subsidiaries was the proper defendant and would have been named but for the mistake); *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1258 (11th Cir.1983) (notice of action against defendant corporation imputed to owner of corporation who was deemed to have notice by reason of his identity of interests with original defendant). *See also West v. Buchanan,* 981 P.2d 1065, 1066 (Alaska 1999) (plaintiff's amendment substituting driver of vehicle was allowed to relate back to original filing based on "close relationship" between newly added defendant and original defendant, owner of vehicle, who was named as defendant by mistake; driver knew or should have known she was proper defendant).

¶ 15 Plaintiffs correctly argue that although we have not spoken on the issue of imputed notice in the context of § 2015(C), our Courts of Appeals have. In *Ford v. West,* 2003 OK CIV APP 94, 78 P.3d 1245, a case with facts quite similar to those before us here, a motorist filed a negligence action concerning an automobile collision and mistakenly named the driver's father as the defendant. That plaintiff's attempt to add the driver/son as defendant by amendment after the statute had expired, was unsuccessful as the trial court upheld the driver's arguments that the relation back provisions of § 2015 did not apply because notice to the father could not be imputed to the son, and that plaintiff should have discovered his identity before the statute ran.

¶ 16 The appellate court rejected those arguments and reversed the judgment, finding the requirements of the statute were satisfied as the action arose out of the same occurrence, the driver/son received notice of that claim within the requisite time, and he knew or should have known that but for the misnaming of his father the original claim would have been brought against him and he showed no evidence of prejudice by relation back. *See also Bray v. Thomas Energy Systems, Inc.* 1995 OK CIV APP 146, 909 P.2d 1191(recognizing principle of imputing notice by reason of identity of interest although relation back denied because mistake of identity requirement not met); *Tisdale v. ITW Ramset/Red Head,* 2003 OK CIV APP 83, 77 P.3d 609 (doctrine of imputed notice recognized in case decided on issue of mistake of identity where issue of material fact was found to exist as to receipt of notice by defendant company and role of its lawyers in withholding information sought by plaintiffs regarding the identity of defendants).

¶ 17 Defendants contend *Nusbaum v. Knobbe,* 2001 OK CIV APP 52, 23 P.3d 302, supports their contention that notice should not be imputed to Lacey through her parents, but it does not. The court there did discuss the doctrine of imputing notice based on an identity of interest and stated the facts before it were insufficient to do so, where the owner of vehicle was wrongfully named as the driver although he and the prospective defendant/driver had a familial relationship and shared legal representation. That discussion is dicta, however, as the court held § 2015(C) was not applicable to the action which, it found, had not been commenced within time under 12 O.S. § 100. *Id.* at 306, n. 4.

¶ 18 Representation of the newly added defendant by the same attorney representing the existing defendant has been recognized as an identity of interest sufficient to impute notice to the added defendant on the rationale that the attorney is likely to tell the prospective party that he or she may be joined in the action. *See* 3 Moore's Federal Practice, § 15.19.[3][c], (3d ed.), *See also Barkins v. International Inns, Inc.,* 825 F.2d 905, 907 (5th Cir.1987) (court recognized judi-

cial acceptance of imputed notice through shared attorney and held that notice to attorney shared with separate defendant corporation constituted notice to added defendant corporation within prior Rule 15(c) requisite time period); *Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186, 195–200 (3d Cir.2001) (endorsing shared attorney as basis of imputing Rule 15(c)(3), but finding attorney did not begin to represent new party until time for service of summons had passed and shared representation therefore could not be basis for notice of action to new party within requisite time period).

¶ 19 Identity of interest has also been found sufficient to allow imputation of notice where the original and added defendants have the same insurer. *See e.g., Denver v. Forbes*, 26 F.R.D. 614 (E.D.Pa.1960) (notice imputed to added defendant through shared insurer where plaintiff mistakenly named the driver's mother, the owner of the vehicle, as the defendant, and insurance company had been aware of the true facts and no harm would occur by substituting daughter for her mother); *See also Phillips v. Gieringer*, 108 P.3d 889 (Alaska 2005) (in action where plaintiff mistakenly named driver's father, owner of vehicle, as defendant/driver, rather than son the actual driver, court held a rebuttable presumption exists that notice may be imputed from an insurer to insured in absence of conflicting interests, and court found presumption satisfied and imputed notice to driver/son of both institution of the suit and knowledge of mistake of identity from insurance company he shared with his father); *Siemion v. Rumfelt*, 825 P.2d 896 (Alaska 1992) (notice imputed to minor son/driver and mother from insurance company and policy they both shared with father who had deliberately been named sole defendant, but relation back denied due to failure to satisfy requirement of mistake of identity).

¶ 20 We find that Lacey and her parents have a sufficient identity of interest that notice should be, and is, imputed to her and that relation back of the amendment will not prejudice her in maintaining a defense on the merits. Lacey was a minor child living at home with her parents and she knew she was driving their vehicle when the accident oc-

curred. Additionally, she and her parents were insured by the same carrier, which knew about the accident from the outset, and they, and their interests, were represented by the same attorney. In that regard, we also note defendants' attorney candidly concedes in the brief that he would expect to receive the assignment of Lacey Bane's defense from the carrier if the case against her should proceed.

¶ 21 The defendants' conclusory allegations that Lacey will be prejudiced in her defense of this action by relation back of the amendments are not persuasive. Section 2015(C) is concerned only with prejudice to a party's defense of the action on the merits. *See Nelson v. County of Allegheny*, 60 F.3d 1010, 1014–15 (3d Cir.1995) ("The prejudice to which [ Rule15(c)(3) ] refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale.") (citation omitted). Under the facts of this case we find it much more reasonable to believe Lacey will suffer no prejudice in the preparation and presentation of her defense on the merits of this action.

¶ 22 We find the third requirement is also met here, as Lacey knew or should have known within the requisite time period that she was intended to be the defendant and would have been so named if plaintiffs had not mistakenly named her parents as the drivers. We are not persuaded by defendants' arguments that plaintiffs' omission of Lacey as a named defendant was not a "mistake of identity" within the meaning of § 2015(C), but was instead either negligent or a litigation tactic. They assert that plaintiffs could have avoided the erroneous statement by exercising due diligence and obtaining the correct information from the accident report.

¶ 23 In the plaintiffs' brief, their attorney stated he believes the mistake likely resulted from the fact that the print on the accident report was quite small and very hard to read. In any event, it was a mistake. Plaintiffs argue the misstatement was known to be a mistake by Lacey, who knew it was she, not her parents, operating the vehicle when the

accident occurred, and it was also known by her parents and by their insurer and by their lawyer. We find this of the sort of mistake contemplated under the relation back doctrine.

¶ 24 Federal Rule 15(c)(3) includes mistakes which result from negligence. Professor Moore explains that "the proper consideration ... is whether the added defendant knew or should have known that the action would have been brought against him or her but for the plaintiff's mistake, not whether the plaintiff's mistake was reasonable. Every mistake involves an element of negligence, carelessness, or fault. Rule 15(c)(3) encompasses both mistakes that were easily avoidable and those that were serendipitous." 3 Moore's Federal Practice 3d ed. ¶ 15.19[3][d] at 15–92.

■ ¶ 25 A mistake under Rule 15(c)(3) exists where a plaintiff intended to sue the proper party but misidentified or misnamed him or her in the original pleading and the new party knew within time that he or she would have been sued but for the plaintiff's mistake. *See e.g. Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir. 1984) (plaintiff intended to sue ship owner for personal injuries but named ship's marketing corporation by mistake); *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir.2001) (plaintiff intended to bring action against party with whom it had negotiated but mistakenly named a party that had not existed at the time in question) *G.F. Co. v. Pan Ocean Shipping Co.* 23 F.3d 1498, 1503 (9th Cir.1994) (plaintiff intended to sue company that owned ship but mistakenly named the agent believing it was the owner); *Loveall v. Employer Health Services, Inc.*, 196 F.R.D. 399, 404–404 (D.Kan.2000) (plaintiff intended to bring product liability action against medical supply company but mistakenly named another company as the seller).

¶ 26 In *Leonard v. Parry*, 219 F.3d 25 (1st Cir.2000), there was reversed a district court order dismissing plaintiff's amendment to a complaint in a personal injury action resulting from an automobile accident which attempted to substitute the driver of the vehicle for the vehicle owner's husband who had been named as the driver by mistake. The district court found the amendment did not come within the protections of Federal Rule 15(c)(3) and could not relate back to the inception of the action because plaintiff had not exercised reasonable diligence in determining the identity of the proper defendant before the statute expired. Finding the district court had misconstrued the meaning of the Rule, the U.S. Court of Appeals concluded it was plain from the face of the complaint, which erroneously stated the owner's husband was driving, that plaintiff made a mistake concerning the identity of the proper party and it was a mistake covered by the Rule. Noting the failure to name the actual driver resulted from plaintiff's counsel's "blunder," the Court stated that "[v]irtually by definition, every mistake involves an element of negligence, carelessness, or fault—and the language of Rule 15(c)(3) does not distinguish among types of mistakes concerning identity." *Id.* at 28–29. *See also Anderson*, 852 F.2d 1244 (10 Cir.1988) (reversing district court's holding that Rule 15(c)(3)'s protection may be defeated by plaintiff's subsequent dilatory behavior in serving newly added defendant with amended complaint).

¶ 27 Defendants refer to *Bloesser v. Office Depot, Inc.*, 158 F.R.D. 168 (D.Kan.1994), in support of their position that relation back of the amendment should be denied. In that case, the court found plaintiff deliberately chose to wait until the statute of limitations had expired before attempting to discover defendant's identity, and due to his ignorance of his legal rights and his failure to seek timely legal advice, plaintiff made an error in legal judgment regarding the length of the applicable statute of limitations. Under those facts, the court found the delay was not excusable neglect, but a tactical mistake rather than a "mistake concerning the identity" of the proper party under Rule 15(c)(3).

■ ¶ 28 Defendants are correct that when a plaintiff is aware of all possible defendants and makes a tactical decision to name a particular defendant rather than another, only to learn after the statute expires that he has made an error in judgment about liability, it is not a mistake of identity within the rule. *See, e.g. Rendall–Speranza v. Nassim*,

107 F.3d 913, 917–19 (D.C.Cir.1997); *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994). But this is not such a case. Nor is this a case where plaintiff files an action against an unknown party because he lacked knowledge of the identity of the defendant, and thereafter fails to identify the defendant until after the expiration of the limitation period. *See, e.g., Garrett v. Fleming*, 362 F.3d 692, 696–97 (10th Cir.1996); *Henry v. F.D.I.C.*, 168 F.R.D. 55, 58–60 (D.Kan.1996).

¶ 29 Defendants' reliance on authorities such as *Bray*, 909 P.2d 1191, *Dotson*, 894 P.2d 1109, and *Watson v. Unipress, Inc.*, 733 F.2d 1386 (10 Cir.1984), is also misplaced. In *Bray*, plaintiff was not aware of the identity of the parties he later attempted to add as defendants, and the facts did not show that they knew or should have known the action would have been brought against them but for a mistake concerning identity of the proper party. Accordingly, the court held that, as in *Bloesser*, the plaintiff had failed to demonstrate his omission was anything more than a tactical error. *Bray*, 909 P.2d. at 1194–1195.

■ ¶ 30 *Dotson* and *Watson* concerned plaintiffs who had initially named John Doe defendants in their actions and attempted to add named defendants by amendment after the applicable limitation period had expired. In *Watson*, the Tenth Circuit disallowed plaintiff's effort, holding that naming a John Doe defendant in the caption of a complaint does not toll the statute of limitations and plaintiff's attempt to substitute a party for the original John Doe defendant amounted to adding a party which requires meeting all the conditions of Rule 15(c) before relation back may be allowed. In *Dotson*, plaintiff had known of the existence of the parties she sought to add by amendment, but had not known their role in facts leading to her claim. She knew their identity, but lacked knowledge of their acts and omissions, and she did not discover their culpability until the statute had expired. Accordingly, we held plaintiff could not substitute the parties for the John Doe defendants in her original petition as the amendment did not come within § 2015(C)(3) and did not relate back. A John Doe defendant is accurately identified by the plaintiff as unknown, and plaintiff's failure to name a John Doe defendant results from a lack of knowledge, which is not a "mistake concerning identity of the proper party." Only a known party can be mistakenly identified by a plaintiff. *Garrett*, 362 F.3d 692, 696–97; *Henry*, 168 F.R.D. 55, 59–60.

¶ 31 In the instant case, plaintiffs intended to sue the driver of the other automobile; they were aware of her identity and her role in their action, they just mistakenly misnamed her in the petition. There is no indication in this case that plaintiffs were making a strategic or tactical choice.

¶ 32 The district court correctly interpreted and applied 12 O.S.2001 § 2015(C) to the facts of the case, and its order properly allowed the addition of Lacey as a defendant to relate back to the commencement of the action. The trial court also properly allowed plaintiffs' amendment adding negligent entrustment as a theory of recovery to relate back to the original petition as the claim arose from the occurrence set forth in the original petition. *Parker v. Elam*, 1992 OK 32, 829 P.2d 677, 682.

¶ 33 The order is affirmed.

¶ 34 ALL JUSTICES CONCUR.